FRANKLIN REYNOLDS *vs.* WILLIAM G. FURLONG.

Where there is no evidence in the record that the note sued on was *executed* by the defendant, and objection is made to its admissibility as evidence, the ruling of the court admitting it as evidence, and excepted to, must on ap-peal be reversed.

The act of 1856, ch. 352, which repeals the stamp-laws, by its 5th section, makes *valid* all instruments drawn previous to the repeal of these laws without stamps, and operates to remove any difficulty in regard to a stamp upon a note *sued on* at the time of its passage.

APPEAL from the Circuit Court for Allegany county.

*Assumpsit* brought by the appellee against the appellant

Reynolds *vs.* Furlong.

upon a promissory note, for $195.31, dated the 1st of March 1852, drawn by the defendant, payable one day after date, to the appellee or order, which was endorsed, "pay the contents of the within to J. P. Roman or order," (Signed) "Wm. G. Furlong." The writ was issued in the name of *Furlong* as *plaintiff*, whilst the declaration is drawn in the name of *J. P. Roman* as plaintiff, and endorsee of the note. Plea *non assumpsit*.

*1st. Exception.* The plaintiff offered in evidence the note sued on, upon which was endorsed the receipt of the clerk for $10.10, the fine and stamp under the act of 1844, ch. 280, as received from Furlong, and also, the affidavit of Furlong made before a justice of the peace, on the 20th of May 1853, as "holder and payee" of the note; that it "was received through inadvertence and forgetfulness of the requisitions of the" stamp law, "and with no intention to evade the provisions thereof." To the admissibility of which the defendant objected, which objection the court, (PERRY, J.,) overruled, and the defendant excepted.

*2nd Exception.* It was then, by a statement of facts, agreed, that on the 30th of March 1852, Furlong transferred this note to John Miller by way of mortgage, and delivered it to him on the 1st of April 1852, but Furlong, as the agent of Miller, agreed to sell the goods and collect the debts and claims so transferred by mortgage, and continued in possession, as such agent, until some time in August of the same year, when, by an order of the circuit court in an equity cause, Roman was appointed receiver of all the property so mortgaged to Miller, and this note with the other property was then delivered to the receiver in accordance with this order, and this suit was instituted by Roman *as such receiver*; and that Furlong never had possession of it since, except when it was sent to him to make the affidavit thereto annexed. The defendant then prayed the court to instruct the jury, that if they believe the above statement of facts, then Furlong was not the holder of the note under the meaning of the act of Assembly, so as to authorise him to make the affidavit attached thereto; which instruction the court refused to give, and the defendant excepted.

*3rd Exception.* The defendant further prayed the court to instruct the jury, that if they believe from the evidence, that Furlong was not the holder of the note at the time of making the affidavit attached thereto, then the plaintiff cannot recover; which instruction the court refused to give, and instructed the jury, that Furlong was the original holder and payee of the note, and though he may have transferred the note before the affidavit was made, he was the person to make the same, and was in contemplation of the stamp law, the holder thereof. To this ruling the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, TUCK and MASON, J., by *J. H. Gordon* for the appellant, and *Samuel M. Semmes* for the appellee.

The argument on either side was exclusively upon the proper construction of the act of 1844, ch. 280, sec. 8, and the sufficiency and regularity of the affidavit made to this note thereunder. Pending the appeal, the act of 1856, ch. 352, was passed, which renders any further statement of the argument unnecessary.

MASON, J., delivered the opinion of this court.

This was an action instituted by the appellee against the appellant, on a promissory note. To the admissibility of this note, as evidence, the defendant objected, but the court below overruled the objections, and permitted the note to be given to the jury. This ruling constitutes the first exception.

We must reverse this judgment upon this exception, if for no other reason, than that there is no evidence whatever in the exception, of the execution of the note by Reynolds the defendant. The objection, which seems to have been mainly relied upon by the defendant, to the admissibility of this note, was based upon the insufficiency or irregularity of the affidavit, which was resorted to, to supply the omission of the stamp, as required by the act of 1844, ch. 280, sec. 8. Since the determination of this question in the circuit court, the act of

1856, ch. 352, entitled "An act to reduce the taxes heretofore imposed by the authority of this State," has been passed. The 4th section repeals the act of 1844, ch. 280, imposing the stamp duty, and the 5th section provides: "That all bills, notes or bonds, that have been drawn previous to the repeal of this act, and have not been stamped, shall be as good and valid as though they had been stamped, and all debts that have been created, where the proper vouchers are shown, shall be as valid in law as though the stamp act had never been passed."

The passage of this act will relieve the case of all difficulty, upon a subsequent trial, upon the subject of the stamp, as now no stamp is necessary to render the note a valid instrument of evidence.

We further call the attention of the counsel below, to the condition of the record, without expressing any opinion upon the subject. It will be observed, that the writ appears to have been issued in the name of Furlong as plaintiff, while the declaration is drawn in the name of Roman. The statement of facts also refers to Roman as plaintiff. In this state of the case, it would be difficult to determine who was the owner or holder of the note pending the trial, or who was, in fact, the real plaintiff. Under such circumstances, (the note having been endorsed *in full*,) we could not, with any degree of certainty, apply the principles announced in the cases of *Bowie, use of Ladd, vs. Duvall*, 1 *G. & J.*, 175, and *Whiteford vs. Burckmyer & Adams*, 1 *Gill*, 127. Upon this point, however, we wish to be understood as expressing no opinion, as the case now stands upon the record, but place the reversal of the judgment upon the ground alone, that the execution of the note has not been proved.

*Judgment reversed and procedendo awarded.*