# RICHARD H. ATWELL *vs.* JOSEPH P. GRANT.

The clerk of the *criminal court of Baltimore*, by the 16th sec., art. 4th of the Constitution, is required to perform all the duties previously vested in the clerk of *Baltimore city court*, and may, therefore, take the affidavit provided for by the stamp law of 1844, ch. 280, sec. 8.

The act of 1856, ch. 352, repeals the stamp laws, and makes valid all notes, bills or bonds, which had been previously executed without a stamp.

Notice to produce is not necessary, where the instrument to be proved is *itself a notice* of the protest of a promissory note.

In a suit against the endorser of a promissory note, the *defendant*, himself, proved that the *demand* was made on the maker by the *clerk* of the notary, and that it was the *universal custom* of notaries public to make such demands by their clerks.  HELD:

That this evidence having been offered by the *defendant*, and admitted *without objection*, the court below was right in rejecting *his* prayer asserting that there was no sufficient evidence of a *demand* upon the maker, and that the *demand* could only be made by the *notary himself*.

When evidence which would have been rejected as inadmissible, *if objected to*, is received *without objection* at the trial below, it is *evidence in the cause*, and must be treated as such in the appellate court.

APPEAL from the Superior Court of Baltimore city.

*Assumpsit* brought by the appellee, as holder, against the appellant, as endorser, of a promissory note for $870.14, dated on the 26th of December 1851, payable at six months to blank order, drawn by one West, and endorsed by the defendant and others.   Plea, *non assumpsit*.

*1st Exception.* The plaintiff proved the defendant's endorsement, and then offered in evidence the note and the *protest* thereof, made at the request of the cashier of the Farmers and Planters Bank of Baltimore, stating the demand on the maker, refusal to pay, and that notices were addressed to the endorsers, "informing them it had not been paid, and that they would be held responsible for the payment thereof, which notices were left at their respective places of business." He also offered in evidence an *affidavit*, under the 8th sec. of the act of 1844, ch. 280, made by the plaintiff before the clerk of the *criminal court of Baltimore*, that he had received the note without a stamp, through inadvertence, and not with any in-

tention to evade the stamp law, and a *receipt* of the same clerk for the $10 penalty and stamp.    The defendant objected to the admissibility of this evidence, including the note and protest, upon the grounds stated in the opinion of this court, but the court below (FRICK, J.,) overruled the objection, and ·the defendant excepted.

*2nd Exception.* The plaintiff, further to support the issue on his part, called upon the defendant to produce the notice of protest of the note in suit, served on the defendant by the notary who protested the note, and not being produced, offered to prove by the notary that he served a copy of a paper (which was produced) containing the names of the drawer and endorsers, date and amount of the note sued for in this case, upon the defendant, on the day of the maturity of the note, which paper is a notice in due form, stating that *demand of payment* had been duly made upon the maker, and refused. To the admissibility of this testimony the defendant objected, but the court overruled the objection, and the defendant excepted.

*3rd Exception.* This exception, which was also taken by the defendant, is fully stated in the opinion of this court.

The verdict and judgment were in favor of the plaintiff, and the defendant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and BARTOL, J.

*James Malcolm* for the appellant, said he would not urge the first exception, since the decision of the case of *Reynolds vs. Furlong*, 10 *Md. Rep.*, 321.    Upon the other exceptions he argued:

1st. That the evidence of the notary to prove the contents of the notice of protest served upon the defendant, should have been rejected, because the notice to produce the original was too late, having been given *at the trial* of the cause.    6 *Md. Rep.*, 10, *Atwell vs. Miller.*

2nd. The evidence in the third exception was offered, by the defendant, for the purpose of showing that the notary did

not, *himself*, make the demand and give the *notice*, as stated in the protest, but that it was, in fact, made by his *clerk*. This clerk was a *stranger* to the note. The bank placed it in the hands of the *notary*, as their agent, to make the demand and give the *notice*. The notary being thus the agent of the bank, and clothed with *delegated* authority, could not *delegate* that authority to *another*. The notice, therefore, which was given to the endorser in this case, being given by a third person, a stranger, and one who could not take the note up, was a *nullity*. The demand should have been made and given by the notary himself. *Story on Prom. Notes, secs.* 300 to 302. *Byles on Bills,* 225. 2 *Camp.*, 177, *Stewart vs. Kennett.* 15 *Mees. & Wels.*, 234, *Harrison vs. Ruscoe.* 3 *Hill,* 56, *Onondaga Bank vs. Bates.* 7 *Humph.*, 548, *Carter vs. Union Bank.* 4 *How., (Miss. Rep.,)* 567, *Carmichael vs. Bank of Pennsylvania.* 3 *McLean,* 481.

For these reasons the ruling of the court in the third exception was erroneous, and both of the defendant's prayers should have been granted.

*St. Geo. W. Teackle* for the appellee, stated that the clerk of the criminal court of Baltimore had authority, under the 13th and 16th secs. of the 4th art. of the Constitution, to take the affidavit mentioned in the first exception, and then argued:

1st. That it was clearly competent for the plaintiff to prove, by the notary, the contents of the *notice of protest* served on the defendant. There was no *notice* given to produce the original paper; the record merely states that the paper was *called for*. But no notice to produce was necessary, for it would have been but a *notice* to produce a *notice*, which is never required; and in 1 *Greenlf. on Ev., sec.* 561, the very case of notice to produce a *notice of protest* of a bill of exchange, is put as an illustration of this rule.

2nd. The evidence in the third exception was offered by the defendant himself, and was received without objection, and must have the same effect as if admitted according to the strict rules of evidence. 7 *G. & J.*, 79, *Farmers Bank vs. Duvall.* It proves that it was the universal custom, in the

city of Baltimore, for notaries to make demand through their clerks, and that the demand in this case was duly made, and the notice given, by the clerk of the notary. From the effect of this, his own testimony, the defendant cannot now escape. But in cases of inland bills of exchange and *promissory notes*, a protest is *not necessary;* and if so, the demand and notice need not be made and given by a *notary*, but be made and given by any party who is the agent of the holder. The clerk, in this case, was the agent of the bank, the holder of the note, and his acts the plaintiff has adopted. An agency can as well be constituted by *subsequent* adoption and ratification as by *previous* authority.

ECCLESTON, J., delivered the opinion of this court.

The first bill of exceptions shows that the defendant objected to the admissibility of the evidence offered on the part of the plaintiff, for the following reasons:

"Because the note had not been stamped, as required by law, and because the affidavit was not such as the act of 1844, ch. 280, sec. 8, required to be made, and because the affidavit was made, not before the clerk of the city court of Baltimore, but before the clerk of the criminal court of Baltimore, and because the penalty was paid to the clerk of the criminal court of Baltimore city, and because said affidavit did not meet the requirements of the act of 1844, ch. 280, sec. 8."

Under the 4th article and 16th sec. of the present Constitution, we are disposed to think the affidavit above alluded to, was properly made before the clerk of the criminal court of Baltimore; and that he had authority to receive the penalty. But if this be not so, still the decision below, overruling the objection to the plaintiff's proof, cannot be reversed; because the act of 1844 has been repealed by the act of 1856, ch. 352, the 5th section of which provides, "That all bills, notes or bonds that have been drawn previous to the repeal of this act, and have not been stamped, shall be as good and valid as though they had been stamped, and all debts that have been created, where the proper vouchers are shown, shall be as valid in law as though the stamp act had never been passed."

In regard to this repealing law, the court say, in *Reynolds vs. Furlong,* 10 *Md. Rep.,* 321, "The passage of this act will relieve the case of all difficulty, upon a subsequent trial, upon the subject of the stamp, as now no stamp is necessary to render the note a valid instrument of evidence."

The second bill of exceptions also presents a question in regard to the admissibility of evidence.

The defendant contends that the plaintiff had no right to offer evidence, by Johnson, the notary, that he served upon the defendant a copy of the notice of protest, because a call, at the time of trial, for the production of the same, alleged to have been given to the defendant, was the only notice served on him to produce it, which was not in due time. But it will be seen, by reference to 1 *Greenlf. on Ev.,* sec. 561, that this objection to the proof offered, cannot be sustained. It is there said, that notice to produce is not necessary, "where the instrument to be proved is *itself a notice,* such as a notice to quit, or notice of the dishonor of a bill of exchange."

The third bill of exceptions contains the following statement:

"And the defendant's counsel proved, by Johnson, the notary public mentioned in the 2nd exception, that he did not make the demand himself, but that said demand was made by his clerk, Mr. Long, as Mr. Long informed him, and that it was the universal custom of notaries public to make such demands by their clerks, as it was impossible for a notary public to make every demand upon notes left with him, in person. The counsel for the defendant then asked said witness whether he had any record or paper in his possession which would show that Mr. Long had made said demand, and if he had, to produce it. The witness then produced said paper. The plaintiff's counsel here asked the defendant's counsel whether he meant to make said paper evidence in the case, to which he replied, yes. The paper was then read in evidence, to wit:"

The paper, however, is omitted, and the exception proceeds by saying, "The said witness further stated that said paper is in his own handwriting, and that the initials opposite the

14     v. 11

names of the maker and endorsers, respectively show who made the demand upon the maker, and who served the notices upon the endorsers, and that the paper showed that said demand upon the maker was made by his clerk, Mr. Long, and that the notices to the endorsers were served by him; and the witness further stated, that the said paper or memoranda were written by him either on the day the demand was made, or on the morning following, as he frequently was kept in his office until one or two o'clock in the morning; that he could not now recollect, without reference to the note in suit, or a copy, or the protest or other memoranda, the date and amount of said note, or when it was due, or the names or the order in which the names were put upon said note. Whereupon the defendant, by his counsel, prayed the court to instruct the jury as follows:

"1st. The defendant prays the court to instruct the jury that the plaintiff is not entitled to recover in this case, because there is no evidence of a demand having been made upon the drawer of the note in controversy, as required by law.

"2nd. That if the jury believe, from the evidence, that Mr. Johnson, the notary, did not make the demand upon the drawer of the note at its maturity, then there is no evidence of a demand having been made, and the plaintiff is not entitled to recover."

The court refused to give the instructions, and the defendant excepted.

Thus it appears the defendant, himself, introduced evidence showing that it was the "universal custom of notaries public to make such demands by their clerks, as it was impossible for a notary public to make every demand upon notes left with him, in person:" that the demand upon the maker of the note in controversy had been made by the clerk of the notary, and that the notices to the endorsers were served by the clerk also.

Should it be conceded that if such proof had been offered by the plaintiff, and objected to by the defendant, it should have been rejected as inadmissible, still, when introduced by the defendant at the trial below, without objection from any quarter, it is evidence in the cause, and to be treated as such,

in the appellate tribunal. In *Farmers Bank of Maryland vs. Duvall, 7 G. & J.,* 95, it is said: "But reliance is placed upon the inadmissibility of the evidence to establish the notice, and time of notice, growing out of the want of proof that these entries were made by the cashier, in the line of his duty, as an officer of the bank. We, however, think that no such objection can now be taken to the evidence, for it was all admitted, without objection, in the court below, and having been so admitted, it is and ought to have the same effect as if admitted according to the strict rules of evidence."

When the proof which has been given in regard to a demand by the clerk, is considered in connection with the evidence relative to the custom, as above stated, we cannot say the court below erred in refusing the defendant's prayers, or either of them.

The first assumes there is no evidence of a sufficient *demand* upon the maker. The second insists that the *demand* could only be made by the notary, himself. Neither of the prayers raises any question in reference to whether the notices to the endorsers were served by the proper person.

*Judgment affirmed.*