[No. 19253. Department One.— February 9, 1894.]

## FIRST NATIONAL BANK OF SAN LUIS OBISPO, PLAINTIFF, *v.* M. F. HENDERSON ET AL., DEFENDANTS.

BANKING CORPORATIONS—NEGLECT TO FILE AND PUBLISH STATEMENTS—REPEAL OF STATUTE—RELEASE OF ERROR.—In an action by a banking corporation, where one of the defenses set forth in the answer was the failure of the plaintiff to file and publish the statements required by the act of April 1, 1876, and such defense was established at the trial, error in rendering a judgment for the plaintiff was released by the repeal of that act subsequent to the taking of an appeal from the judgment, and the judgment must be affirmed.

ID.—PROVINCE OF APPELLATE COURT—FACTS ARISING AFTER APPEAL—REPEAL OF PENAL STATUTE—JURISDICTION.—The ordinary rule that the province of an appellate court is to review the judgment of the inferior court as of the time when it was rendered is not inflexible; but matters arising subsequent to an appeal affecting the judgment appealed from will be considered by the appellate court, and in actions of a penal character depending upon a statute, the repeal of the statute pending the appeal will deprive the appellate court of power to render a judgment by which the penalty may be enforced.

ID.—CHANGE OF LAW PENDING APPEAL.—If a case is appealed, and, pending the appeal, the law is changed the appellate court must dispose of the case under the law in force when its decision is rendered.

ID.—PROHIBITION OF ACTION—REMISSION OF PENALTY—POWER OF LEGISLATURE.—The provision of the act of April 1, 1876, prohibiting banking corporations from maintaining any action in the courts of this state, without previous compliance with the requirements of the act, was in the nature of a penalty, which it was competent for the legislature to remit at any time.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graves & Graves,* for Appellant.

The plaintiff having failed to comply with the requirements of the statute as to the filing of verified statements cannot maintain this action. (Sections 3 and 4 of the act of April 1, 1876, concerning corporations and persons engaged in the business of banking; *Bank of British North America* v. *Cahn,* 79 Cal. 464.) The disability imposed by said act, as a consequence of its noncompliance, is universal. There are no exceptions expressed in the statute, and none are implied. The requirements are imperative. (*Bank of British North America* v. *Alaska Improvement Co.,* 97 Cal. 28.) The repeal of the statute in question does not affect this action, as the repealing statute should not be construed to have a retroactive effect. (*Thorne* v. *San Francisco,* 4 Cal. 127; Sedgwick on Statutory Construction and Constitutional Law, 2d ed., p. 114.)

*Wilcoxon & Bouldin,* and *J. M. Wilcoxon,* for Respondent.

The repeal of the statute, pending this action, renders this appeal useless. (*Ewell* v. *Daggs,* 107 U. S. 143; *Thorne* v. *San Francisco,* 4 Cal. 165; *McMinn* v. *Bliss,* 31 Cal. 122; *Hartung* v. *People,* 22 N. Y. 96.)

HARRISON, J.—The plaintiff is a banking corporation, and brought this action upon an account stated between it and the defendants for the amount of certain payments made upon their checks. Judgment was rendered in its favor, and the defendant, Greenberg, has appealed therefrom. One of the defenses set forth in his answer is the failure of the plaintiff to comply with the provisions of the act of April 1, 1876 (Stats. 1876, p.

729), in that it had failed to file with the county recorder or to publish the statements therein required. It sufficiently appears from the findings and evidence that this defense was established at the trial, but it is contended by the respondent that, inasmuch as the legislature has repealed the statute since the appeal was taken herein, the error has been thereby released, and the judgment should be affirmed. The judgment herein was entered January 12, 1893, and the appeal therefrom was taken January 21, 1893, and the statute referred to was repealed March 9, 1893, without any saving clause.

Ordinarily it is the province of an appellate court to review the judgment of the inferior court as of the time when it was rendered, as ordinarily the judgment of a trial court is a determination of the rights of the parties as they existed at the commencement of the action. This rule is not, however, inflexible. Matters may arise subsequent to the commencement of an action which will affect the rights of the parties thereto, and the judgment to be rendered therein, and supplemental pleadings are authorized in order that these matters may be properly brought before the court. So, too, matters may arise subsequent to an appeal affecting the judgment appealed from, and, although additional pleadings are not permitted in the appellate court, yet, upon proper suggestion and proof of such matters, they will be considered by it. (See *Dakota County* v. *Glidden*, 113 U. S. 222.) An appeal from a judgment will be dismissed upon it being properly shown that the trial court had granted a new trial subsequent to the appeal, and had thereby vacated the judgment appealed from. When the jurisdiction of the appellate court depends upon a statute, the repeal of the statute takes away its jurisdiction. In actions of a penal character, depending upon a statute, the repeal of the statute pending the appeal will deprive the appellate court of any power to render a judgment by which this penalty may be enforced. Cooley in his treatise on Constitutional Limitations, says, page 469: " If a case is appealed, and, pending the

appeal, the law is changed, the appellate court must dispose of the case under the law in force when its decision is rendered." In *United States* v. *Schooner Peggy*, 1 Cranch, 103, a decree of condemnation had been made, from which an appeal was taken, and, pending the appeal, the United States entered into a treaty with France, by which the two nations mutually agreed to restore all property that had not been definitively condemned. To the argument that the court could only inquire whether the judgment of condemnation was erroneous when delivered, and that if it was then correct it could not be made otherwise by anything subsequent to its rendition, Chief Justice Marshall said: "It is in general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not, but, if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed or its obligation denied. In such a case the court must decide according to existing laws, and, if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." This principle was again affirmed by the same court in *Yeaton* v. *United States*, 5 Cranch, 281, where the law under which the condemnation was rendered had expired pending the appeal; and again in *Schooner Rachel* v. *United States*, 6 Cranch, 329, although the vessel had been sold and the proceeds paid over to the United States. (See, also, *United States* v. *Preston*, 3 Pet. 57; *Price* v. *Nesbitt*, 29 Md. 263; *Lewis* v. *Foster*, 1 N. H. 61; *Speckert* v. *City of Louisville*, 78 Ky. 287; *Musgrove* v. *Vicksburg etc. R. R. Co.*, 50 Miss. 677.) In the latter case the court say, page 682: "If there has been a change or alteration or repeal of the law applicable to the rights of the parties, after rendition of the original judgment, and pending the appeal, the case must be heard and decided in the appellate court according to the then existing law. If, therefore, the judgment of the court of original jurisdiction

was wrong on the law as it then stood, although there
may have been error, if the law has been repealed the
court will not reverse and remand, because the inferior
court must recognize the repeal, and conform on the
sec nd trial to the law as it then was, and not to the
law as it may have been at the time of the first trial."
In *Atwell* v. *Grant*, 11 Md. 101, a promissory note had
been received in evidence without the revenue stamp
which was required by a statute in force at the time of
the trial, and upon appeal this was assigned as error.
This statute was repealed after the entry of the judg-
ment, and before the hearing of the appeal, but the
court refused to reverse the judgment, for the reason
that upon a subsequent trial no stamp would be neces-
sary to render the note a valid instrument of evidence.
In *State* v. *Norwood*, 12 Md. 195, a bond offered in evi-
dence had been excluded for want of a stamp, and the
court upon appeal reversed the judgment, for the reason
that the exclusion of this evidence was in the nature of
a penalty for a failure to comply with the statute, and
that the repeal of the statute made the contract as valid
in law as if the stamp act had never been passed.

The statute in question in the present case was in-
tended to secure a compliance with the requirements
that the legislature had prescribed for persons or cor-
porations engaged in a banking business, and the pro-
vision prohibiting them from maintaining any action
in the courts of this state without such previous com-
pliance was in the nature of a penalty, which it was
competent for the legislature to remit at any time.    The
privilege which the defendant had under this statute, to
avoid the enforcement of his contract, was not given
with the view of giving him any advantage, but was
conferred upon him by the state for its own purposes.
Only the state, and not the defendant, had any interest
in the enforcement or remission of this penalty, and
after the state has remitted it the appellant is no longer
able to avail himself of the privilege which it conferred.
(See *Ewell* v. *Daggs*, 108 U. S. 143.)    It would be an

unjust hardship upon the parties, and would be sacrificing substance to form, to reverse the judgment of the court below, and send the case back for a new trial, when the only result would be that the court would render the same judgment that it has already given. (Code Civ. Proc., sec. 475.)

Upon the facts constituting the plaintiff's cause of action, the appellant is not in a position to question the sufficiency of the evidence to sustain the findings. There is no plea on his part of the statute of limitations, and by his answer he admits the allegations of the complaint, that at the time when the account was stated, and also 'at the commencement of the action, the defendants were partners. At the trial he himself testified that the account was correct, and that the partnership owed the plaintiff the amount sued for.

The judgment and order are affirmed.

PATERSON, J., and GAROUTTE, J., concurred.