[Civ. No. 11856.   Second Appellate District, Division Two.—September 20, 1938.]

MADELEINE HOLDEN LAVORE, Petitioner, v. INDUS-TRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA et al., Respondents.

Murchison & Clopton and Mort L. Clopton for Petitioner.

Everett A. Corten and Eldon B. Spofford for Respondents.

McCOMB, J.—This is an application for leave to file a supplemental petition to an application for a writ of review of findings and an award of the Industrial Accident Commission of the State of California.

The material facts are these:

May 13, 1938, petitioner filed in this court a petition for a writ of review of the findings and award of respondent Industrial Accident Commission. June 24, 1938, pursuant to the provisions of section 5803 of the Labor Code petitioner asked respondent Industrial Accident Commission to reopen the matter in which it had theretofore made findings of fact and an award. This request was denied July 6, 1938.

This is the question for determination:

*After an award has been made by the Industrial Accident Commission, an application for a rehearing denied, a petition for a writ of review of the matter filed with the District Court of Appeal, and thereafter a petition to reopen the matter filed before the Industrial Accident Commission and denied, is it a prerequisite for leave to file a supplemental petition to the writ of review pending before the District Court of Appeal that petitioner file an application for a rehearing with the Industrial Accident Commission of its order denying petitioner the right to reopen the proceedings?*

This question must be answered in the negative. Matters arising subsequent to filing of a petition for a writ of review in this court and which may affect the rights of the parties thereto are properly presented by a supplemental pleading

filed here. (*First Nat. Bank* v. *Henderson,* 101 Cal. 307, 309 [35 Pac. 899].)

It is likewise the law that after one application for a rehearing has been filed with the Industrial Accident Commission pursuant to section 5803 of the Labor Code any party aggrieved by a subsequent ruling of the Industrial Accident Commission may apply to this court or to the Supreme Court for a writ of review without filing a further petition for a rehearing with the Industrial Accident Commission. The reasoning in *Harlan* v. *Industrial Acc. Com.,* 194 Cal. 352, 365 [228 Pac. 654], relative to an analogous proposition is applicable to the problem here presented.

For the foregoing reasons, petitioner is granted leave to file a supplemental petition to the application for a writ of review heretofore filed in the above matter.

Respondents are granted ten days from the date of this order within which to file an answer to said supplemental petition, and petitioner is granted five days after the filing of said answer within which to serve and file a reply thereto.

Crail, P. J., and Wood, J., concurred.