[Civ. No. 19950.  First Dist., Div. Three.  Nov. 27, 1962.]

EUGENE C. McBARRON et al., Plaintiffs and Appellants, v. GUSSIE GROSS KIMBALL, Defendant and Respondent.

Byers, Howell & Elson, Holmdahl & Fletcher, Dodge, Evans, Reyes, Brorby & Driscoll, Robert P. Brorby and C. Erroll Fletcher for Plaintiffs and Appellants.

Eugene K. Lawlor for Defendant and Respondent.

SALSMAN, J.—Plaintiffs appeal from an adverse judgment in a suit to recover an alleged balance due under a contract for the construction of a house.

In November 1956 George O. Peshel, hereafter referred to as Peshel, a licensed contractor, entered into a contract with defendant for the construction of a house. A few days later Peshel assigned the contract to plaintiffs, also licensed contractors. Plaintiffs and Peshel jointly performed the contract. At trial, defendant's defense was that plaintiffs and Peshel had acted as joint venturers and did not possess a license to act as such, as required by Business and Professions Code section 7029, and hence could not maintain this action because of the bar of Business and Professions Code section 7031. The trial court sustained the defense and entered judgment for defendant.

At the time the trial court entered its judgment it was undoubtedly correct. Business and Professions Code section 7031 then read: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract." Num-

erous cases construing this code section supported the trial court's ruling. (See *Loving & Evans* v. *Blick*, 33 Cal.2d 603 [204 P.2d 23] ; *Lewis & Queen* v. *N. M. Ball Sons*, 48 Cal.2d 141 [308 P.2d 713] ; *Precision Fabricators, Inc.* v. *Levant*, 182 Cal.App.2d 637 [6 Cal.Rptr. 395].) However, in 1961, after trial and judgment in this case, and while the appeal was pending, the Legislature added the following amendment to Business and Professions Code section 7031: ". . . except that such prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029." The question to be decided on this appeal is whether the amendment may be applied to this case. We have concluded that it should apply and that the judgment must be reversed.

As a general rule a statute is not to be given retrospective effect unless the Legislature has clearly expressed its intention that it should be so applied. (82 C.J.S. 981; 45 Cal.Jur.2d 552, 553.) A statute which impairs vested rights may not be applied retrospectively. (*DiGenova* v. *State Board of Education*, 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P. 2d 865].). Moreover, a statute, even though remedial in nature, will not be given a retrospective effect if to do so would interfere with vested rights or impair contractual obligations. (*Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.*, 30 Cal.2d 388 [182 P.2d 159].) It is also the rule, however, that where a statutory enactment does not impair the obligation of a contract or interfere with vested rights, or where the statute relates only to matters of procedure or a rule of evidence, it may be applied retrospectively if necessary to accomplish the purposes for which the statute was enacted. (82 C.J.S. 992; 45 Cal.Jur.2d 554-556.) Such a statute may validly be applied to pending actions. (*People* v. *Bank of San Luis Obispo*, 159 Cal. 65 [112 P. 866, Ann. Cas. 1912B 1148, 37 L.R.A. N.S. 934] ; *Krause* v. *Rarity*, 210 Cal. 644, 653 [293 P. 62, 77 A.L.R. 1327] ; *Angeli* v. *Lischetti*, 58 Cal.2d 474, 478 [24 Cal.Rptr. 845, 374 P.2d 813].)

The 1961 amendment to section 7031 is purely procedural in its effect. It permits an action to be maintained where, before its enactment one could not be maintained. It affects no vested right of defendant, since no litigant has any vested right in a matter of procedure. (*Estate of Giordano*, 85 Cal.App.2d 588, 592 [193 P.2d 771].)

In *First National Bank* v. *Henderson*, 101 Cal. 307 [35 P. 899], the plaintiff sued the defendant for a debt. At the time

of trial a statute required that a bank such as plaintiff publish a certain statement, and publication of such a statement and proof thereof was a condition to the right of plaintiff to maintain the action in court. Defendant's defense was that the plaintiff had made no such publication, and this fact was established at trial. On appeal, and while the appeal was pending, the Legislature repealed the statutory requirement that a bank publish such a statement. The Supreme Court held the new statute applicable to the pending appeal. Again, in *Estate of Patterson*, 155 Cal. 626 [102 P. 941, 132 Am.St.Rep. 116, 18 Ann.Cas. 625, 26 L.R.A. N.S. 654], the testatrix had made a will. Before her death her will was destroyed in the San Francisco fire of 1906. The testatrix was not aware of the fact her will had been destroyed. After the death of the testatrix a petition was filed to probate the will as a lost or destroyed will. The statute relating to the proof of lost or destroyed wills then in effect read: ''No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently destroyed in the lifetime of the testator, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses.'' The proponents of the will sought to establish the will by proof of its destruction in the fire, to which the opponents objected on the basis of the statute. While the case was pending the Legislature amended the statute to read: ''No will shall be proved as a lost or destroyed will, unless the same is proved to have been in existence at the time of the death of the testator, or is shown to have been fraudulently or by public calamity destroyed in the lifetime of the testator, without his knowledge, nor unless its provisions are clearly and distinctly proved by at least two credible witnesses.'' The Supreme Court held the statute applicable to the pending proceeding, and reversed an order denying probate of the will.

▆▆▆▆ In the case now before us it has been established by competent evidence that plaintiffs and Peshel acted as joint venturers in the performance of the contract with defendant, and that they did not possess any joint venturer's license. Since plaintiffs could not meet the requirements of the statute at the time of trial the court properly entered judgment for the defendant. We think, however, the 1961 amendment to Business and Professions Code section 7031 has now removed the bar to the maintenance of this action by plaintiffs since

there was evidence to establish that plaintiffs and Peshel were individually licensed as contractors.

We have not considered other claims of error raised by plaintiffs. Those claims relate principally to alleged errors in the court's rulings on matters of evidence directed toward proof of a joint venture between plaintiffs and Peshel. Since the importance of the existence of the joint venture has been greatly diminished, if not entirely eliminated from the case, further comment on these contentions of plaintiffs is unnecessary. Our ruling will require trial on the merits, and consequent resolution of the conflicting claims of the parties as to the sufficiency and value of the work done by the contractors.

Judgment reversed.

Draper, P. J., and Devine, J., concurred.

A petition for a rehearing was denied December 7, 1962, and respondent's petition for a hearing by the Supreme Court was denied January 23, 1963.