**Thomas P. DRISCOLL and Driscoll Ranch, Inc., a corporation, Plaintiffs-Appellees,**

**v.**

**Albert J. GEBERT, Jr., et al., Defendants-Appellants.**

**No. 26922.**

United States Court of Appeals, Ninth Circuit.

April 20, 1972.

---

Ronald M. Sohigian (argued), Los Angeles, Cal., for defendants-appellants.

Ben Levin (argued), of Crowley & Goffin and Ben Levin, Hollywood, Cal., for plaintiffs-appellees.

Before CHAMBERS, KOELSCH and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We are asked to determine the applicability of a new California long arm statute, Code of Civil Procedure § 410.10, to an action pending prior to its effective date. Driscoll brought a state court action against Three G Oil Company and three individuals named Gebert, alleging breach of contract and illegal sale of oil and gas leases. The plaintiffs reside in California; the corporate defendant is a Kansas corporation; the Geberts live in Kansas. Defendants removed the action to federal court on diversity jurisdiction.

However, before the removal, plaintiffs had had process served upon the defendants in Kansas in January 1970.[1] The defendants moved to quash service and the federal district court granted the motion with respect to the individual defendants, on the ground that California Code of Civil Procedure § 417 limited personal jurisdiction to parties who were domiciled in California at the time of the commencement of suit, or at the time of service, or at the time the cause of action arose.[2] This ruling is not challenged.

The California legislature in 1969 had enacted a new group of statutes governing jurisdiction and service of process. California Code of Civil Procedure § 410.10 replaces the repealed § 417. The new statute extends the *in personam* jurisdiction of the California courts to its constitutional limits.[3] The effective date of the new act was July 1, 1970.

---

1. The first summons was issued by a California superior court. It was promptly served by a Kansas state sheriff making in-person delivery.

2. "Where jurisdiction is acquired over a person who is outside of this State by publication of summons in accordance with Sections 412 and 413, the court shall have the power to render a personal judgment against such person only if he was personally served with a copy of the summons and complaint, and was a resident of this State (a) at the time of the commencement of the action, or (b) at the time that the cause of action arose, or

(c) at the time of service." California Code of Civil Procedure § 417. Federal Rule of Civil Procedure 4(e) makes the state jurisdictional statutes applicable when a plaintiff attempts to serve a defendant residing beyond the territorial jurisdiction of the federal court.

3. Cal.Stats.1969, ch. 1610, § 3. New California Code of Civil Procedure § 410.10 reads:
   "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

On September 11, 1970 plaintiffs obtained a new federal summons and had the Geberts served in Kansas by personal delivery by a United States marshal. The district judge this time denied the motion to quash service since he thought the new long arm statute applied to the pending action. He certified to this court, under 28 U.S.C. § 1292(b), the question about the applicability of § 410.10 to this action. We affirm his denial of the motion to quash.

In the absence of express guidance from the legislature, California courts have generally held that a statute that affects procedure or that provides a new remedy for enforcement of existing rights can properly be employed in lawsuits pending before its enactment. *See, e. g.*, Church v. County of Humboldt, 248 Cal.App.2d 855, 57 Cal.Rptr. 79 (1st Dist. 1967); McBarron v. Kimball, 210 Cal. App.2d 218, 26 Cal.Rptr. 379 (1st Dist. 1962).

The California legislature did speak to the effect of the new act on pending litigation. Section 30 of Cal.Stats.1969, chapter 1610, provides:

. . . . . .

(e) Nothing in this act revives or reinstates any right that, on the operative date of this act, was lost or barred by the law in effect prior thereto.

This chapter attaches to a number of statutes that are part of the legislative act restructuring California's rules upon jurisdiction and service of process.

The Geberts argue that subsection (e) prevents § 410.10 from applying to this lawsuit. We think subsection (e) was not meant to fit a situation like the present one, but instead was included to prevent the resurrection of stale causes of action.[4]

The judgment of the district court is affirmed. We attach its order as an appendix to this opinion.

4. We note this language in a California decision:
   "The 1961 amendment to section 7031 is purely procedural in its effect. It permits an action to be maintained where, before its enactment one could

APPENDIX
ORDER DENYING MOTION TO QUASH SERVICE

Plaintiffs, who are residents of California, originally filed this action suing both corporate and individual defendants who were residents of Kansas. Thereafter the defendants moved to dismiss and to quash service of process and to transfer to Kansas. That motion was granted insofar as was concerned the motion to quash service on the individual defendants for lack of personal jurisdiction over them as provided in then § 417 of Code of Civil Procedure. Subsequent to that ruling § 417 was replaced by § 410.10 of Code of Civil Procedure, the so-called long arm statute of California. Since the adoption of § 410.10 the plaintiffs again served the individual defendants out of state and the present motion is to quash such service on said defendants or dismiss or change venue. It is based upon the defendant's argument that the new long arm statute has no retroactive effect as it would relate itself to the facts of this case.

It is a general rule of statutory construction that a statute will be deemed not to be retroactive unless there is some indication of a contrary intent in the statute. Indeed, C.C.P. § 3 provides that no part of the Code shall be retroactive unless expressly so declared. Nevertheless, it appears quite clear that this general rule does not apply to statutes which are procedural or remedial in nature. As stated in 45 Cal.Jur.2d at 554–555, "a purely remedial statute applies not only in actions instituted after its effective date but also in actions pending on that date." See also McBarron v. Kimball, 210 Cal.App.2d 218, 26 Cal.Rptr. 379 (1962).

When the California Legislature enacted C.C.P. § 410.10 it took pains to limit its retroactivity in certain areas.

not be maintained. It affects no vested right of defendant, since no litigant has any vested right in a matter of procedure." McBarron v. Kimball, 210 Cal. App.2d 218, 220, 26 Cal.Rptr. 379, 380 (1st Dist.1962).

This seems to indicate that the Legislature knew that if they did not speak to the general subject of retroactivity, the statute would be retroactive. Otherwise, the limitations they inserted would have been pointless.

I conclude that the long arm statute of California is retroactive and that this Court has personal jurisdiction over the individual defendants.

Because of the newness of the California long arm statute and the absence of case guidance and pursuant to 28 U.S.C. § 1292(b) I certify that this ruling involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the litigation.

DATED: This 25th day of November, 1970.

DAVID W. WILLIAMS,
United States District Judge