F. R. McGILL ET AL., Appellants, v. SOLOMON WALLACE ET AL., Respondents.

22 675
92 ²195

Kansas City Court of Appeals, June 28, 1886.

1. JUDGMENT—RES JUDICATA—ESTOPPEL—SAME THEORY HERE AS AT TRIAL—CASE ADJUDGED.—A judgment in the case of a suit by other plaintiffs against the same defendants, is not a matter of estoppel on the principle of *res judicata*, in a subsequent suit by different plaintiffs against the same defendants, even as to the same general subject matters. The latter plaintiffs are strangers to the former case and the judgment in it, as to them, was *res inter alios acta*. And where the plaintiffs here, in pleading the judgment below, did not state whether it was in favor of or against the plaintiffs in that case, and pleaded it as a plain estoppel, and not as a satisfaction of any particular amount of a counter-claim pleaded there by defendants ; they will be held bound by the same theory here, which they presented to the lower court.

2. PLEADING—BOND IN FIRM NAME—DENIAL OF EXECUTION OF INSTRUMENT.—Although a bond be signed in the firm name, and no authority is shown from the firm for executing it, yet the effect of failure of the party charged with executing it to deny said execution under oath is that the execution of the instrument stands confessed.

APPEAL from Jasper Circuit Court, HON. M. G. McGREGOR, Judge.

*Affirmed.*

Statement of case by the court.

This is an action to enforce a mechanic's lien for material furnished by plaintiffs for the erection of a brick store house and opera house.

Wallace was the contractor, and the other defendants were the owners of the property. The contract was reduced to writing and signed, and the contractor gave bond, with the plaintiffs and D. C. McConey as sureties, for the faithful performance of the contract. By the condition of the bond it was also provided that the building should be clear and free of any and all incumbrances or liens of mechanics or material men.

The defendant owners, by way of counter-claim, set up the foregoing facts, and alleged breaches of the condition of said bond in this :

1. That the building was not completed until two months after September 18, and that defendants were damaged thereby three hundred dollars.

2. That none of the work in and about the building was done in a good, substantial and workmanlike manner, or in accordance with the plans and specifications, but was done in an unskilful and unworkmanlike manner.

3. That the material used in the building, the lumber, doors and windows, window glass, hardware, roofing, mortar and plastering material, were not of the kind or grade stipulated in the contract and in the plans and specifications, were not of good and merchantable quality, but were unmerchantable and unfit for use.

4. That said Wallace did not pay for the work and labor done on the building and for the materials thereof, but that said defendants became liable for and were compelled to pay $1,600 on account thereof ; and the further sum of $65.65 on account thereof.

5. That thereby said defendants have been dam-

aged in the sum of $1,965.00; wherefore they ask judgment for the penalty of the bond, to be satisfied, etc.

The reply contained among other averments the following:

"4. That at the time of the commencement of this action, there was also commenced in this court another action wherein one D. C. McConey was plaintiff and these defendants were defendants, and that in said action these defendants have set up the same matters and things as a counter-claim as herein set up as a counter-claim, and upon the same bond mentioned in the answer herein; that said other action has been, at the present term, duly submitted to the court for trial, a trial had thereon and all the matters and things and the counter-claim, herein alleged in defendant's answer, fully tried upon issues joined and by this court fully considered and final judgment thereon rendered by this court."

This case was tried by the court, without a jury.

The bond was executed by plaintiffs in their firm name.

The court refused to give the following declarations of law asked by the plaintiffs:

"8. That the same cause of action, herein set up by defendants as a counter-claim, has been fully tried upon issues duly joined in this court in a certain cause wherein D. C. McConey is plaintiff and these defendants are defendants, upon the same bond offered in evidence herein, and final judgment duly rendered thereon, and that in this cause the defendants cannot recoup for any damages set up in said counter-claim, or recover of the plaintiffs herein therefor."

"9. That the signature of the firm name, McGill, Fox & Co., does not, of itself, bind the plaintiffs herein so as to render them liable to the counter-claim set up by defendants."

The court, sitting as a jury, found the issues for the plaintiffs as against Wallace, but, as to the other de-

fendants, the court found that the plaintiffs take nothing by this action.

The plaintiffs have appealed.

There are many questions presented in this case which do not appear from the foregoing statement. All those questions have been decided by us adversely to the plaintiffs at the present term, in the case of McConey against these same defendants, and for that reason need not be noticed by us. We have only stated the facts which distinguish this case from that and which present the two questions that were not in that case.

Galen Spencer and O. H. Picher, for the appellants.

I. The plaintiffs, as sureties on the bond, of the contractor, are held only to the terms of the contract; and if, at any time after the execution of said bond, the terms of contract are changed, they are not liable.

II. Evidence of *damage* must be certain. *Marsh v. Richards*, 29 Mo. 99. And not left to conjecture and speculation. *Fox v. Decker*, 3 E. D. Smith (N. Y.) 150. Damages should be precisely commensurate with the injury. 2 Greenl. Evid., sect. 253; *Blanchard v. Ely*, 21 Wend. (N. Y.) 342.

III. The measure of damages for failure to erect a building according to contract is what it would "cost to make the building conform to what the builder contracted it should be." *Haysler v. Owen*, 61 Mo. 270; *Yeates v. Ballentine*, 56 Mo. 530; *Creamer v. Bates*, 49 Mo. 525; *Lamb v. Brolaski*, 38 Mo. 53; *Lee v. Ashbrook*, 14 Mo. 379. Or, "the sum which would command the material and work for making good the defects." *Blanchard v. Ely*, 21 Wend. (N. Y.) 342.

IV. Where it is agreed that a building shall be erected for $5,500, according to plans and specifications "*to be*" furnished, it is implied that such plans, *etc.*, shall be such as can reasonably be complied with for

that sum. 2 Kent's Com. 555; 1 Bl. Com. 60; 1 Add. Cont., 3 Am. Ed.) 377.

V.  A surety has a right to stand upon the very terms of his contract, and any alteration made without his consent will discharge him. *Miller v. Stewart*, 9 Wheat. (U. S.) 680; *Zimmerman v. Judah*, 13 Ind. 286; *Payne v. Jones*, 76 N. Y. 274; *Mayhew v. Boyd*, 5 Md. 102; *Taylor v. Johnson*, 17 Ga. 521; *Blair v. Perpetual Ins. Co.*, 10 Mo. 560.

VI.  One of two obligees can release or modify a joint obligation. *Clark v. Cable*, 21 Mo. 293; *Henry v. Mt. Pl. Tp.*, 70 Mo. 500; *Ryan v. Riddle*, 78 Mo. 521.

VII.  Where a counter claim or set-off has been pleaded and passed upon, there can be no recovery thereon in another suit between the same parties and their privies. *Henry v. Woods*, 77 Mo. 277; *Railroad v. Traube*, 59 Mo. 355; *Hudelmeyer v. Hughes*, 18 Mo. 87; Freeman on Judgments, sect. 279. And the form of action is immaterial, and whether it was properly pleaded, or pleaded at all. Freeman on Judgments, sects. 249, 255, 257, 259, 284; *Railroad v. Traube, supra;* *Perry v. Lewis*, 49 Miss. 443; *Walker v. Chase*, 53 Maine 258. A judgment is conclusive, not only as to the subject matter in suit, but as to all other suits, which, though containing *other matters*, involve the same questions of controversy. *Doty v. Brown*, 4 N. Y. 71; *Danaher v. Prentis*, 22 Wis. 311; Freeman on Judgments, sects. 249-253. Judgment against a joint obligor bars an action against the others, and the entire cause of action is merged in the judgment. Freeman on Judgments, sect. 231; *Mason v. Eldred*, 6 Wall. (U. S.) 231; *Cowley v. Patch*, 120 Mass. 138. And a judgment by default is attended with the same legal consequences as if contested. Freeman on Judgments, sect. 330; *Gates v. Preston*, 41 N. Y. 113.

VIII.  Co-partners are not bound by an instrument under seal executed in *the firm name* by one partner only, unless express authority or subsequent ratification

is shown. 2 Kent's Com. 47 ; *Docdem Smith v. Tupper*, 4 Sm. & Md. (Miss.) 261 ; *Bintzen v. Zierlien*, 4 Mo. 417 ; *Henry County v. Gates*, 26 Mo. 315.

PHELPS & BROWN, for the respondents.

I. The execution of the contract was clearly established.

II. The *fourth, fifth and sixth* instructions asked by plaintiffs were properly refused, being predicated upon the unfounded hypothesis that the contract and specifications were actually signed and furnished the contractor *after* the execution of the bond, while the *evidence* shows that the contract, *etc.*, were signed *prior* to the execution of the bond. There was no evidence upon which to base the instructions as to damages.

III. Where a person undertakes to erect a building he will be holden to indemnify the other party for loss of the use of the building from the time when it *should have been*, to the time when it *was*, completed. In such cases the rental value *during the delay* is the rule. 2 Suth. Dam. 482.

IV. An instruction which ignores, or leaves out of view, any material fact is properly refused. So one which *assumes* the existence of certain evidence, to establish a certain fact, when no such evidence was introduced is erroneous. *Barada v. Blumenthal*, 20 Mo. 172 ; *Wyatt v. Railroad*, 62 Mo. 408 ; *Mead v. Botherton*, 30 Mo. 201 ; *Moffett v. Conkling*, 35 Mo. 453.

V. An alteration in a building contract which does not substantially or materially alter or vary the original agreement, does not operate a discharge of the sureties. 3 Add. Cont., sect. 1127 ; 2 Parsons Cont. 721 ; *Grant v. Smith*, 46 N. Y. 93. Besides, the whole question was submitted to the jury and this court will not review it. *Huckshorn v. Hartwig*, 81 Mo. 648 ; *Fulkerson v. Mitchell*, 82 Mo. 22 ; *Meyer v. McCabe*, 73 Mo. 236.

VI. The court did not err in holding that the judgment in the case of *McConey* against these defendants did not preclude them from maintaining their counter claim against plaintiffs, who were strangers to that adjudication. *McConey v. Parks*, 18 Ohio St. 148; *Henry v. Woods*, 77 Mo. 277; Freeman on Judgments, sects. 159 and 235; 1 Greenl. Evid., sect. 524. There is no *privity* between plaintiffs and McConey. No person can bind another by an adjudication, who was not himself exposed to the peril of being bound in like manner, had the judgment resulted the other way. Freeman on Judgments, sect. 154.

VII. Joint and several contracts afford two distinct remedies, *one* by a *joint* action against *all* the obligors, the other by a *several* action against *each*. The result of this is that an action against all on the joint liability, in nowise affects an action against each on the several liability; and a several judgment against each leaves untouched the right to proceed jointly against all. Freeman on Judgments, sect. 235.

VIII. The execution of the bond, not having been denied under oath, it stood as if confessed as to the signing of it in the firm name. Sect. 3653, Rev. Stat.

IX. The decision of the circuit court upon every principle of law was correct, and the finding of the court, on the whole case, was for the right party.

## I.

HALL, J.—The first question in this case arises from the action of the circuit court in refusing the eighth declaration of law asked by the plaintiffs. The question thus presented is, were the defendant owners precluded by the judgment of the circuit court in the case of McConey against these defendants from recovering in this case by way of counter-claim on account of the matters and things set up by way of counter-claim in that case?

The reply filed by plaintiffs pleaded the judgment, in

the case of McConey, as an estoppel, on the principle of
*res adjudicata.* The declaration of law asked by the
plaintiffs treated the said judgment in the same manner.

We are clearly of the opinion that the defendant
owners were not estopped by the judgment in the case
of McConey from setting up in this case by way of
counter-claim the matters and things set up by them by
way of counter-claim in the former case. The plaintiffs
were strangers to the case of McConey. The judgment
in that case, as to plaintiffs, was *res inter alios acta.*
*Henry v. Woods,* 77 Mo. 277.

The judgment in the case of McConey was in favor
of the defendants therein, who are also the defendants
herein. The claim of McConey was for $1,355.55, for
brick, etc., furnished for the defendants' building. The
plaintiffs now contend that the judgment in that case
had the effect of *satisfying* the claim made by the de-
fendants on account of the breaches of the bond to the
amount of $1,355.55, for the reason that the said judg-
ment satisfied itself to that extent, inasmuch as it extin-
guished McConey's claim, which was for that sum.

The plaintiffs in their reply and in their declaration
of law did not treat the said judgment in accordance
with the theory of their present contention, and they
will not be permitted to do so now in this court. The
plaintiffs did not, in pleading the judgment, state
whether it was in favor of, or against, McConey. The
said judgment was pleaded as a plain estoppel, and not
as a satisfaction of any particular amount of the de-
fendants' counter-claim. And the judgment was treated
in the same manner in the declaration of law asked by
plaintiffs. The plaintiffs are bound by the theory in
accordance with which they presented the judgment to
the circuit court.

## II.

The bond was signed in the firm name. The plain-
tiffs contend that there was no evidence showing which

partner executed the bond, or that the member so execut-
ing the bond had authority to do so for the firm; and
that, therefore, the court erred in refusing to give the
ninth declaration of law asked by them.

Conceding the contention by plaintiffs, as to the evi-
dence, to be well made, are they in a position to deny
their execution of the bond? They did not deny the
execution of the bond under oath.

By section 3653, Revised Statutes, as amended
in 1883 (Laws of 1883, p. 121), it is provided: "When
any petition or other pleading shall be founded upon
any instrument in writing, charged to have been
executed by the other party, and not therein alleged
to have been lost or destroyed, the execution of such
instrument shall be adjudged confessed, unless the
party charged to have executed the same deny the execu-
tion thereof, by answer or replication, verified by affi-
davit. And where plaintiff or defendant sues or is sued
as a corporation and where plaintiff or defendant sue or
are sued as a partnership and the names of the several
partners are set forth in the petition or answer, it shall
not be necessary to prove the fact of such incorporation
or partnership unless the opposite party put such fact in
issue by affidavit filed with the pleadings in the cause."

In recently construing the said statute, as amended,
we have held that the effect of the failure of the party
charged with the execution of an instrument in writing
to deny said execution under oath in the cases provided
by the statute is that the execution of the instrument
stands confessed. *Smith Mid. P. Co. v. Rembaugh*, 21
Mo. App. 390.

Under the former statute on this same subject it was
held that "the only effect of not pleading *non est fac-
tum* under oath, in any case, is that in such case the
plaintiff can read the instrument in evidence without
proof of its execution." *Carpenter v. Inhabitants of
Lathrop*, 51 Mo. 498.

But our present statute is materially different from

the former statute. The execution of the bond by the plaintiffs stood confessed and the court properly refused to give the ninth declaration of law asked by them.

The judgment is affirmed. All concur.