## THE BIDDLE AND SMART COMPANY

*vs.*

## ROBERT T. BURNHAM, AND QUEEN INSURANCE CO., AND NEW HAMPSHIRE CO., Trustees, ASBURY C. STILPHEN, Claimant.

## Kennebec.   Opinion June 8, 1898.

### *Estoppel.   Judgment.*

For a judgment in one suit to operate as a bar in another, the estoppel must be mutual.

One party to a suit will not be estopped by a judgment in a former suit unless the other party would also have been estopped by the same judgment if it had been adverse to him.

In a former action, the judgment in which is relied upon by the plaintiff in this suit as an estoppel, it appeared that the principal defendant held an insurance policy against fire in each of the two insurance companies summoned as trustees; that the property insured had been destroyed by fire, and that the principal defendant's claim under each policy had been assigned absolutely to the claimant. This court held in that case that the assignments to the claimant were fraudulent and void as to the general creditors of the principal defendant, and ordered the trustees charged for the full amounts in their hands, to the extent of the plaintiff's claim. The issue upon the validity of the assignments was the same in the former case as in this, but the present plaintiff and the plaintiff in the former suit are wholly independent and separate creditors of the principal defendant, who is the same in both cases.

*Held;* that the claimant to the funds in the trustees' hands is not estopped by the judgment in the former suit.

*Atkinson* v. *White*, 60 Maine, 396, distinguished.

ON EXCEPTIONS BY CLAIMANT.

This was an action brought by the plaintiffs, the Biddle & Smart Co., against Robert T. Burnham the principal defendant, and the Queen Insurance Company and the New Hampshire Insurance Company as trustees. A. C. Stilphen became a party to the suit as a claimant of the funds in the hands of the insurance companies by virtue of assignments from said Burnham.

Previous to the trial of this suit a third party, one Dennett, had brought suit against the said Robert T. Burnham and the said Queen Insurance Company and the said New Hampshire Insurance Company, trustees; and the said A. C. Stilphen claimed the funds held by the said trustees by virtue of the same assignments as those in this suit. Judgment in the Dennett case was for the plaintiff, and it was held by the court that the assignments from Burnham to Stilphen were illegal and fraudulent as against the general creditors of Burnham.

The plaintiffs in this case at the trial claimed that the validity of the assignments above mentioned was res adjudicata and was so to be treated here by force of the judgment in the Dennett case. This claim of the plaintiffs was sustained by the presiding justice, who ruled that the validity of the assignments was res adjudicata and that the claimant could not be heard further thereon; that said assignments, having been adjudged void as against creditors in a suit brought by one creditor, said Dennett, were to be treated in this proceeding as having already been adjudged void as against the present plaintiff, another creditor, so long as the judgment in the action, *Dennett* v. *Burnham and Trustees,* was unreversed and in full force; and upon this ground without further hearing ordered the trustees to be charged.

Upon exception to this ruling by the claimant the case came before the law court.

*A. M. Spear,* for plaintiff.

It is admitted that the issue is the same as to the validity of the assignment as in *Dennett* v. *Burnham and Trustees,* the case pleaded in bar.

This admission answers the claimant's case, under R. S., c. 32, § 32, which says: — "if he, (the claimant) appears, he may be admitted a party to the suit so far as respects his title to the goods, effects or credits" in question.

When this issue has once been settled, the career of the claimant in court is ended. He has nothing to do with anything else or anybody else. His case is settled and that is enough for him. It is no part of his duty or right to look out for other parties, and

when he undertakes to do so, as in this case, he is entirely outside the province of the statute. He has no right, under the statute, to except to the finding of the court under his admission that, so far as he was concerned, the issue as to his title has been decided; for his only standing in court was to decide his title, and the moment he admits that to be decided he is not in court. He has no right to protect, no claim to present, no issue to decide.

If the decision in the prior case, after his admission, did not remove the claimant from this case, yet so far as his title under the statute is concerned, the parties in the suit at bar are identical with those in the case pleaded in bar.

Counsel cited: (Res adjudicata) *Glass* v. *Nichols*, 35 Maine, 328; *Lynch* v. *Swanton*, 53 Maine, 100; *Sturtevant* v. *Randall*, Ib. 149; *Walker* v. *Chase*, Ib. 258; *Bunker* v. *Tufts*, 57 Maine, 418; (Estoppels need not be mutual) *Atkinson* v. *White*, 60 Maine, 396; *Hill* v. *Morse*, 61 Maine, 541; (Parties need not be same) *Emery* v. *Fowler*, 39 Maine, 326; *Thurston* v. *Spratt*, 52 Maine, 202.

*J. W. Symonds, D. W. Snow and C. S. Cook*, for claimant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, SAVAGE, JJ.

WISWELL, J. The only question raised by the exceptions is whether or not the claimant to the funds in the trustees' hands is estopped by a judgment against him in a previous suit, in which the defendant, the trustees and the claimant were the same as here, but in which the plaintiff was a different person, in no way connected with the plaintiff in the present suit.

In the former action, it appeared that the principal defendant held an insurance policy against fire in each of the two insurance companies summoned as trustees; that the property insured had been destroyed by fire, and that the principal defendant's claim under each policy had been assigned absolutely to the claimant. This court held in that case, that the assignments to the claimant were fraudulent and void as to the general creditors of the princi-

pal defendant, and ordered the trustees charged for the full amounts in their hands, to the extent of the plaintiff's claim.

It is admitted in the present case that the issue upon the validity of the assignments was the same in the former case as in this, and, upon the other hand, that the present plaintiff and the plaintiff in the former case are wholly independent and separate creditors of Burnham, the principal defendant in each case.

Here, then, is identity of the issue involved and of the person claimed to be estopped by the former judgment, but no identity of the plaintiff in the two actions.

It has universally been said by text writers and very frequently decided by the courts, that for a judgment in one suit to operate as a bar in another suit, the estoppel must be mutual; that is, that one party to a suit will not be estopped by a judgment unless the other party would have been estopped by the same judgment if it had been adverse to him. The operation of estoppels must be mutual. Both the litigants must be alike concluded, or the proceedings can not be set up as conclusive upon either. Freeman on Judgments, § 159; Black on Judgments, § 548.

It is a general rule that estoppels by judgments must be mutual, that a party can not claim the benefit of a judgment favorable to him unless he would be bound by a judgment in the same matter if adverse to him. *Moore* v. *City of Albany*, 98 N. Y. 396.

Estoppels must be reciprocal, and bind both parties. They operate only on parties and privies in blood or estate and can be used neither by nor against strangers. He that shall not be concluded by the record or other matter, shall not conclude another by it. *Alexander* v. *Walter*, 8 Gill, 247.

A judgment in the case of a suit by other plaintiffs against the same defendants, is not a matter of estoppel on the principle of res judicata, in a subsequent suit by different plaintiffs against the same defendants, even as to the same general subject matters. *McGill* v. *Wallace*, 22 Mo. App. 675. Many other cases to the same effect might be cited.

This case presents a good illustration of the justice and equity of the rule. The issue is, whether the assignments of funds in the

trustees' hands are void as to the principal defendant's creditors. Suppose the court had decided in the former case that the assignments were valid, this result would not be binding upon any other creditor, and in however many different cases the decisions and judgments of the court might be favorable to the claimant, the assignments would still be open to attack by as many other separate and independent creditors as chose to make the attempt.

In other words, if the rule were otherwise, a decision favorable to the claimant in any case would only be decisive of that case, while an adverse decision would operate as an estoppel against him in suits by any number of other creditors who had risked nothing in the determination of the previous cases. As was said by the court in *Shulze's Appeal*, 1. Pa. St. 251, a case very similar to this in principle: "His position would have been unequal and disastrous, if a verdict in his favor would have given him no more than a single point, while a verdict against him would have lost him the game."

It is certainly a most salutary principle that where the parties to the two litigations are the same, and the issue necessarily involved is the same in each, a judgment obtained in the first suit shall operate as an estoppel in the second, but we believe that this rule should be limited to those cases in which both parties to the suit were parties or privies to the previous litigation. Unless the estoppel is reciprocal, the party against whom judgment was rendered in the former suit ought to have an opportunity, to produce other and further evidence in support of his contention if he can.

But in opposition to this rule, requiring estoppels by judgment to be mutual, the counsel for the plaintiff very strongly relies upon the case in our own state of *Atkinson* v. *White*, 60 Maine, 396, from the opinion in which we quote: "But if we hold that the old principle, that estoppels must be mutual, is applicable to this case, ought we to be bound by it any longer? That law was adopted when parties could not be witnesses, and from a very tender care of suitors, lest by possibility injustice might be done. For it is said, and this appears to be the only reason on which the law is founded, that if the adverse party was not also a party to

the judgment offered in evidence, it may have been obtained upon his own testimony; in which case, to allow him to derive a benefit from it would be unjust. Since the statute, making parties and all interested persons witnesses, this foundation has been taken away. No danger of injustice from that source now exists; and the reason of the law having ceased, why should the law be retained?"

In that case the issue was as to the ownership of certain logs. The plaintiff first sued the vendee of the defendants in the second suit, and after being defeated in that action, sued the vendors who had sold to the defendant in the first suit with a warranty of title. There was such a privity of estate between the vendors, the defendants in the second suit, and the vendee, the first defendant, that there was certainly much justice in holding that the judgment against the plaintiff in the former suit should operate as an estoppel against him in the second.

And we do not think it by any means clear that the case of *Atkinson* v. *White* was decided upon the ground that estoppels by judgment need not be mutual, for it is said in the opinion of the court: "But is it quite clear that the defendants in this suit were not parties to the former, so far as to make the estoppel mutual? They were parties in interest, and as such had a right to assume the defense of that, and be heard therein. Besides, the nominal defendant in that had a legal right to notify them of its pendency, and in either case they would be bound by the judgment, or, if Conner chose to defend the suit against him, it was for the benefit of these defendants, and we now find them adopting that defense, whether their own or Conner's, and attempting to avail themselves of it in the defense of this suit. It is true that the case does not find that they actually assumed that defense, nor does it find that they did not; while, as a matter of inference, all the facts lead to the conclusion that they did."

We think, therefore, that the case of *Atkinson* v. *White* must be distinguished from the one now under consideration, and we can not regard it as an authority for the contention that estoppels need not be mutual under circumstances similar to those involved in this case. We do not find that the suggestion of the court in that case

has ever been adopted, here or elsewhere, and it seems to us that the rule requiring mutuality is too well established by authority and rests upon too substantial reasons, to be lightly set aside.

We are, therefore, of the opinion that the plaintiff in this case can not rely upon the judgment in the former case as an estoppel upon the claimant.

*Exceptions sustained.*