**Herman COHEN**

v.

**H. Sawin MILLETT, Jr., Maine School Administrative District No. 71 and Casco Bank & Trust Company.**

Supreme Judicial Court of Maine.

April 25, 1979.

Murray, Plumb & Murray by Ellyn C. Ballou, Peter L. Murray (orally), E. Stephen Murray, Portland, for plaintiff.

Drummond, Woodsum, Plimpton & MacMahon by Hugh G. E. MacMahon (orally), Portland, for Me. S.A.D. No. 71.

Waldemar G. Buschmann (orally), Asst. Atty. Gen., Augusta, for H. S. Millett.

Thompson, Willard & McNaboe by U. Charles Remmel, II (orally), Portland, for Casco Bank.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

ARCHIBALD, Justice.

Following our decision in *Cohen v. Maine School Admin. Dist. No. 71*, Me., 393 A.2d 547 (1978) (Nichols, J., dissenting), Herman Cohen, as a "citizen, taxpayer, registered voter and elector of . . . Maine School Administrative District No. 71," initiated a new civil action captioned a "Verified Complaint for Declaratory and Injunctive Relief" in which, in addition to the

parties defendant in the prior action, "H. Sawin Millett, Jr., in his capacity as Commissioner of Education of the State of Maine," was named as a defendant. Casco Bank & Trust Company and Maine School Administrative District No. 71 filed motions for summary judgment. Mr. Millett filed a motion to dismiss. Treating these motions collectively as motions for summary judgment (Rule 56(b), M.R.Civ.P.), a justice of the Superior Court issued this mandate: "Plaintiff's complaint is dismissed with prejudice."

Herman Cohen seasonably appealed.

We deny the appeal.

Our analysis of the complaint now before us makes it plain that the addition of H. Sawin Millett, Jr., as a defendant was for the purpose of allowing the plaintiff to challenge the factual accuracy of Mr. Millett's letter of September 2, 1977, which certified to the fact that the State Board of Education had approved the District's planned construction of a new school facility. *See Cohen, supra* at 548–49. In the complaint Mr. Cohen alleges that it was error "as a matter of law and without substantial basis in fact" for Mr. Millett to have determined in the letter of September 2, 1977, that the conditions on which the State Board of Education had approved the project had been satisfied.

In *Cohen* we specifically sustained the continuing viability of the 1974 approval of the State Board of Education as evidenced by Mr. Millett's 1977 letter. From the pleadings we were cognizant of the fact that the State Board of Education had initially approved this project on October 21, 1974, and that an amendment to this approval was voted on August 12, 1976. The 1974 certificate of approval was signed by the then secretary to the State Board and the 1976 amendment was signed by H. Sawin Millett, Jr., as the then current secretary to the Board. Since Mr. Millett's 1977 letter stood unrefuted and it was undenied that the Board's approval had never "been withdrawn, amended or revised," we concluded in *Cohen, supra* at 549:

*Only* the determination of the Commissioner of Education, who is statutorily charged with reviewing *operative compliance of the project as approved, was relevant to absolute approval for ultimate payment.* 20 M.R.S.A. § 3457.

(emphasis supplied) (footnote omitted).

In view of this holding it is now established that if the school project is completed in accordance with the approved plans, Mr. Cohen as a taxpayer in Maine School Administrative District No. 71 no longer has standing to seek preventive relief. This is true because the State on order of the Commissioner of Education is required to apportion to the District those funds to which it is entitled. In short, the impact of our holding in *Cohen* was to obligate the State to reimburse the District according to the statutory formula specified in 20 M.R.S.A. § 3457.

14 M.R.S.A. § 1851 provides:

In any civil case any party *aggrieved* by any judgment, ruling or order may appeal therefrom to the law court within 30 days or such further time as may be granted by the court pursuant to a rule of court.

(emphasis supplied). Construing Section 1851, we have held that an appellant from a judgment must demonstrate "aggrievance" arising out of that judgment which "must operate prejudicially and directly upon a party's property, pecuniary or personal rights." *Jamison v. Shepard*, Me., 270 A.2d 861, 862–63 (1970). The mere desire to vindicate a person's individual opinion on a given issue in which such a person could have no direct interest is insufficient to confer standing to appeal. *Desmond v. Persina*, Me., 381 A.2d 633, 638 (1978). Likewise, a "tenuous and speculative possibility of some monetary harm" is inadequate to confer such standing. *Varney v. Look*, Me., 377 A.2d 81, 83 (1977). For recent discussions on the issue of standing to appeal, *see Brown v. Manchester*, Me., 384 A.2d 449, 451–52 (1978); *Matter of Pittston Co. Oil Refinery*, Me., 375 A.2d 530, 532–33 (1977); *Nichols v. City of Rockland*, Me., 324 A.2d 295, 297 (1974). *See also Standing to Challenge Governmental Ac-*

*tion,* 30 Me.L.Rev. 31 (1978), and cases cited therein.

 Herman Cohen's, standing to challenge the process by which Maine School Administrative District No. 71 proposed to finance its school building project terminated with our decision in *Cohen, supra.* Mr. Cohen is no longer in a position where his "property, pecuniary or personal rights" are in jeopardy. Thus, consistent with both precedent and 14 M.R.S.A. § 1851, we can only conclude that the justice below was correct when he ordered the complaint "dismissed with prejudice."[1]

The entry is:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and WERNICK, J., did not sit.

NICHOLS, Justice (dissenting).

I respectfully dissent from the judgment entered this day.

On this appeal several substantial issues were raised and argued by counsel, yet the majority finds it appropriate to dispose of this appeal on the threshold question of standing.

On January 22, 1975, the voters of the Defendant, School Administrative District No. 71, authorized a school construction and school renovation project contingent upon approval of the project to receive state aid. On August 12, 1976, the State Board of Education gave conditional approval to this $4,330,000 project. In a previous challenge to the manner in which the conditions imposed by the State Board of Education were being met, the Plaintiff here, a Kennebunk voter and taxpayer, did not succeed. *Cohen v. Maine School Administrative District No.*

71, Me., 393 A.2d 547 (1978). There our Court held that under the provisions of 20 M.R.S.A. § 3457 only the determination of the Commissioner of Education was relevant to ultimate payment.

The majority reasons that because the holding in the 1978 case was adverse to the Plaintiff taxpayer, he is no longer in a position where his property, pecuniary or procedural rights are in jeopardy. Accordingly, the majority concludes that the Plaintiff is without standing to pursue this action for the determination of an issue not germane to the 1978 action, either against the Commissioner of Education, who was not a party to the earlier action, or against the other Defendants who were there at that time.

Indeed, the majority goes so far as to declare that by his equivocal letter of September 2, 1977, the Commissioner of Education has obligated the State to pay its substantial share of this project.

For more than one reason I cannot agree.

First, the State was neither a party nor a privy to a party to the earlier action. *See Restatement (Second) of Judgments* §§ 89–107.1 (Tent. Draft No. 3, 1976). The State is not bound by the 1978 judgment. Second, the record does not indicate that the State is in any manner obligated by contract to ultimately contribute to the cost of this project.

After the Defendant District completes the construction and renovation project and a full report is made, 20 M.R.S.A. § 3457 authorizes the then Commissioner of Education to determine the amount of state aid to be paid to the District for this project. We may note judicially that the incumbent is nearing the end of his service as Commissioner.

---

**1.** Since our decision is premised on Herman Cohen's lack of standing to appeal, we need not discuss the relative merits which the parties have briefed and argued concerning the doctrines of res judicata, collateral estoppel or the rule against splitting a cause of action. Neither is it necessary to consider the impact on Mr. Cohen's appeal of the failure to follow the provisions of 20 M.R.S.A. § 51(3)(C) which provides:

C. It shall review on the written request of any interested party decisions made by the department acting through the commissioner or his duly authorized representative pursuant to the following sections: 222, 916, 1281, 1901, 2356–B, 3457 and 3458. The written request shall be filed within 30 days from the date of the department's decision.

At the time of the "full report" the then Commissioner of Education may make his own determination, based in part upon performance yet to be accomplished. There is nothing in this record which forecloses him from deciding that the conditions of the August 12, 1976, approval have not been met. He will not be restricted by Commissioner Millett's letter of September 2, 1977, in which, on the basis of two letters received by him, Commissioner Millett stated that he "believed" that a condition had been met. That letter, after all, was not an act required of the Commissioner by statute; rather it was volunteered by Commissioner Millett to support the parties then moving for summary judgment against the Plaintiff. His successor may find that Commissioner Millett's "belief" lacked validity.

Neither will the then Commissioner of Education be bound by the judgment entered in the 1978 action. First, he was not a party to it. Second, our Court recognized that the District's compliance with the conditions of approval was not "an issue germane" to the 1978 action. *Id.* at 549.

Therefore, there is as much potential for economic injury to this Plaintiff and other taxpayers in the District today as when the earlier action was prosecuted. There is here the "particularized injury" which gives standing to persons aggrieved. *Matter of Lappie*, Me., 377 A.2d 441, 443 (1977).

In finding that the Plaintiff lacks standing, the majority assumes Plaintiff taxpayer is precluded by the 1978 judgment against him from pursuing this action, even against one not a party to the prior action. Careful analysis of several circumstances must be made before that conclusion is warranted.

Eighty years ago our Court declared that (a) where the parties to the two actions are the same and (b) where the issue *necessarily involved* is the same in each, a judgment obtained in the first action operates as an estoppel in the second, but it was there observed that this rule should be limited to those cases in which the parties to the second action were parties or privies to the previous litigation. *Biddle & Smart Co. v. Burnham*, 91 Me. 578, 582, 40 A. 669 (1898); *see also Cianchette v. Verrier*, 155 Me. 74, 88–91, 151 A.2d 502 (1959).

Although the general rule of issue preclusion has been broadened in many jurisdictions, it has yet to be reconsidered in Maine. When the majority *sub silentio* abandons the doctrine of mutuality, it does injustice to a complex and sensitive issue.[1]

Moreover, even courts which have broadened the rule of issue preclusion recognize that in many circumstances there may be subsequent relitigation of an issue. *See Restatement (Second) of Judgments*, §§ 68 and 68.1 (Tent. Draft No. 4, 1977) and § 88 (Tent. Draft No. 3, 1976).

In the case before us preclusion by judgment should not be subsumed within the law of standing.

Standing remains, as Professor Freund has observed, one of the most "amorphous" concepts in the domain of public law.[2] After reviewing two leading cases [3] on standing decided in 1976 by the United States Supreme Court which were essentially irreconcilable, Professor Davis concluded that these decisions taken together subtracted from the guidance which parties and practitioners so badly need in this area of the law. In the same article Professor Davis went on to urge that the basic law of standing should be a simple proposition, cutting both ways:

*One who is adversely affected by governmental action has standing to challenge*

---

1. *Compare Adamson v. Hill*, 202 Kan. 482, 449 P.2d 536 (1969); *Kayler v. Gallihore*, 269 N.C. 405, 152 S.E.2d 518 (1967) (Refusing to abandon mutuality) *with Pat Perusse Realty Co. v. Lingo*, 249 Md. 33, 238 A.2d 100 (1968); *Sanderson v. Balfour*, 109 N.H. 213, 247 A.2d 185 (1968) (Abandoning doctrine in part).

2. K. Parker and R. Stone, *Standing and Public Law Remedies*, 78 *Columbia L.Rev.* 771, 773 (1978).

3. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976); *Planned Parenthood of Central Mo. v. Danforth*, 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976).

*it, and one who is not adversely affected lacks standing.* (Emphasis in original). K. Davis, *Standing, 1976,* 72 *Nw.U.L.Rev.* 69, 80 (1976).

Quoting Professor Davis and citing three of its own decisions the United States Supreme Court has declared and held:

"The basic idea that comes out in numerous cases is that an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation." *United States v. Students Challenging Regulatory Agency Procedures (SCRAP),* 412 U.S. 669, 689 (n. 14), 93 S.Ct. 2405, 2417, 37 L.Ed.2d 254 (1973).

In the case before us the Plaintiff taxpayer is significantly affected by the action he seeks to challenge. The potential for economic injury to the Plaintiff is an identifiable trifle—and more. Patently, he has the motivation that assures the adverseness upon which a court depends for illumination of difficult questions.[4]

We may recognize the concept of standing to be a malleable one, but we should never mold the concept to avoid the unpopular cause or the unattractive plaintiff.

The Plaintiff before us should not, I submit, be brushed aside by a denial of standing.

---

4. *See generally* Comment, *Standing to Challenge Governmental Action,* 30 Me.L.Rev. 31–54 (1978); *Gladstone, Realtors v. Village of Bellwood,* —— U.S. ——, ——, 99 S.Ct. 1601, 60 L.Ed.2d 66 (1979).