WILLIAM STONE, *in Equity, versus* SARAH LOCKE *& al.*

It is no valid objection to the maintenance of a bill to redeem real estate mortgaged, that the complainant holds under conveyances fraudulent as against the respondents, creditors of the complainant's grantor, until the estate of the complainant has been divested upon due proceedings.

The assignment of a note secured by mortgage, is not an assignment of the mortgage.

The assignee, however, in such case, has an equitable interest in the mortgage, which a court of equity will uphold and protect; and, therefore, when a bill is brought to foreclose or redeem the mortgage, the assignee should be made a party to the suit.

The demand for an account, under R. S. of 1840, c. 125, § 16, must be made upon the party having the legal record title to the mortgage.

Compound interest cannot be allowed on a bill to redeem a mortgage, made to secure notes with annual interest; and an account rendered by a mortgagee, upon the statute demand, covering such interest, and so exceeding the notes and legal interest, cannot be regarded as such an account as the statute requires.

BILL IN EQUITY, to redeem lands of which the defendants are alleged to be mortgagees.

The facts appear very fully in the opinion of the Court.

The case was elaborately and ably argued by

*Kent,* for complainant, and

*Thomas,* for respondents.

The opinion of the Court was delivered by

APPLETON, J.—This is a bill in equity to redeem certain lands of which the defendants are alleged to be mortgagees.

The bill alleges that on the 27th of October, 1849, Brown & Bunker mortgaged the premises, sought to be redeemed, to the defendants, to secure their notes given for the same; that, on October 2, 1850, Brown & Bunker conveyed the equity of redemption to E. H. Swett; that, on October 14, 1851, Swett conveyed the same to the complainant and Charles Buck; that, on January 26, 1853, Buck conveyed his interest to the complainant, thus giving him the equity of redemption; that the defendants entered to foreclose on October 23, 1851, and have since remained in possession, taking the rents and profits; that the complainant, before the commencement of his bill, seasonably demanded an account of the rents and profits and of the amount due; that the defendants neglected to render such account; that he is ready and offers to pay such sum as may be found equitably due; and prays that the defendants be required to account, and, upon receiving payment of what may be due, to release and discharge their mortgage.

The defendants, answering severally, admit the conveyances, as set forth in the complainant's bill; allege the deed of Brown & Bunker to Swett, of the equity of redemption, to have been in fraud of their creditors, and that they were such creditors, of all which the complainant and Buck had due notice before receiving their deed from Swett; that on May 23, 1851, they sold and assigned to Levi Bartlett & Co., one fourth of their mortgage and of the debt thereby secured; that, on Oct. 23, 1851, they made an entry to foreclose and took possession of the mortgaged premises; that the possession thus taken was continued by and for said Bartlett & Co. and themselves; that after such entry they divided the mortgage notes, the defendant Locke taking two, and the defendant Wheeler taking one, which they hold in severalty; that a demand was made on them and Bartlett & Co., to render, and that Bartlett & Co. did render an account.

The defendant Locke says, that she referred the complainant to Levi Bartlett & Co., upon receiving his demand for an account, and she makes their account, which she avers to be true, a part of her answer.

The defendant Wheeler, says he has assigned his interest in the note belonging to him to Bartlett & Co., and disclaims all interest in the mortgaged estate.

It appears from the proof introduced, that the complainant has the equity of redemption of all the lands included in the mortgage from Brown & Bunker to the defendants, of which the mortgagees were then seized. The lands of which Donnel & Macomber had given bonds to convey are excluded, their lands having been conveyed to Charles Buck.

1. The first objection taken to the maintenance of this bill is, that the conveyance from Brown & Bunker to Swett was fraudulent as to creditors; that the defendants were such creditors and the complainant took his title with a full knowledge of all these facts.

If the conveyance to Swett was in good faith, the plaintiff's right to redeem is unquestioned. If fraudulent, the legal title is none the less conveyed to him. Brown & Bunker, upon their conveyance to Swett, ceased to have any legal interest in the estate. Their conveyance was binding upon them. They could neither redeem nor do any other act for the protection of the estate. As between grantor and grantee the legal title vests in the latter, however fraudulent the deed may be as to creditors. A creditor who holds a promissory note against a fraudulent grantor, cannot defeat a real action brought by the fraudulent grantee, by merely showing the conveyance fraudulent and that he was thereby defrauded. While he is a mere creditor he is in no condition to resist the legal title of the fraudulent grantee, in law or in equity. He has no legal interest in the estate conveyed. *Andrews* v. *Marshall*, 43 Maine, 272. Until the estate of the complainant is divested upon due proceedings, the right in equity to redeem is in him and he may well maintain this bill.

2. It is alleged in the answers of the defendants, that Bartlett & Co. were owners of one of the mortgaged notes and assignees of the mortgage, to the extent of their interest. But the proof fails to show these facts. The assign-

ment of a note is not an assignment of the mortgage by which its payment is secured. By the agreement of May 25, 1850, signed by the defendants, it seems they agreed to foreclose the mortgage for their own benefit and that of Bartlett & Co., to whom they then transferred one note, and, after its foreclosure, to quitclaim to them, their heirs and assigns such proportion of the said mortgaged lands as the said note bears to all the notes mentioned in and secured by said mortgage. The legal estate, by the very terms of the agreement, was to remain the defendants'. They were mortgagees of record. They were to take possession. They, having the record title, could alone release or discharge the mortgage, so that the registry of deeds would show a good title. The demand for an account was therefore properly made on them, the title being in them by record, and there being no proof of any assignment by them of the mortgage to Bartlett & Co. *Mitchell* v. *Burnham,* 44 Maine, 286.

3. The complainant has made no tender, but has offered to pay what may be equitably due. He seeks to excuse his want of a tender by reason of the defendants' not having rendered, upon demand, any account of what was due upon the mortgage. By R. S., 1840, c. 125, § 16, a bill to redeem may be brought without tender, when the mortgagee, upon request, neglects or refuses " to render a true account of the sum due, before the commencement of the suit." " The object' of a demand in such cases," remarks WHITMAN, C. J., in *Cushing* v. *Ayer,* 25 Maine, 383, "must be believed to be to obtain a statement of the precise sum due, so that a tender could be made which would be accepted." In *Allen* v. *Clarke,* 17 Pick. 47, WILDE, J., in delivering the opinion of the Court, says, that " it was the intention of the Legislature that the mortgagee should, on request, furnish the mortgager, or the person having the right to redeem, with such information as would enable him to tender the sum justly due; and not to leave him exposed to the danger of tendering more, for want of knowledge of the facts." After request made, the mort-

Stone *v.* Locke.

gagee is to be the moving party in making up and rendering the required accounts. *Roby* v. *Skinner*, 34 Maine, 270.

Neither of the defendants have rendered any account. The defendant Locke, instead of rendering an account, referred the complainant to Bartlett & Co., who do not appear to have any legal interest in the mortgage.

It was decided, in *Kittridge* v. *McLaughlin*, 38 Maine, 513, that compound interest cannot be allowed on a bill to redeem a mortgage made to secure notes with annual interest. The amount given as due by Bartlett & Co., very much exceeds the notes and legal interest and cannot be regarded as such an account as the statute requires.

4. Bartlett & Co., by taking an assignment or transfer of one or more of the mortgage notes, thereby acquired an equitable interest, which a Court of Equity will uphold and protect. *Moore* v. *Ware*, 38 Maine, 496. When a bill is brought to foreclose or redeem a mortgage, all parties in interest should be made parties to the suit, whether their interests be legal or equitable. As it is apparent that Bartlett & Co. have an equitable interest in the mortgage, and are entitled to be heard in determining the amount due, they must be made parties, or else the bill must be dismissed.

TENNEY, C. J., and RICE, MAY, and GOODENOW, J. J., concurred.