## ISRAEL HUNT v. OTIS WRIGHT.*

Where land was purchased for the site of a hotel to be erected by an association, and was conveyed to the individual members in undivided shares, upon condition that each member and his heirs and assigns should hold the same in common with the tenants of the other parts without partition or division, subject to the articles of association, it was *held* that such a condition is not invalid as repugnant to the estate granted, or upon grounds of public policy; and that each of these grantees and those claiming under them, are, as against the others, estopped to demand partition, as all claim under deeds from the same grantor made and accepted in pursuance and in furtherance of a common object, and as part of the same general transaction.

PETITION for partition.

The following facts are agreed upon for the purposes of this decision and no other :

The petitioner, at the time of filing the petition, was seized, as tenant in common with the petitionee, of two undivided one hundred and twentieth parts of two parcels of land and premises in Nashua, described in the petition, the petitionee being seized of the remaining parts of said premises.

The petitioner holds said two undivided parts of said premises by deeds containing the following condition :

"Provided, however, and this conveyance is upon the condition that said premises are to be held by the said Hunt and his heirs and assigns, in common with the tenants of the other undivided parts of said tract hereby conveyed, without partition or division, subject to the articles of association entered into on the 25th of March, 1847, by the proprietors of the Pearl street House."

On the 25th of March, 1847, the said Hunt, being the owner of one undivided part of said premises, entered into articles of association with the other owners who held their respective shares by deeds containing the same condition, in which articles among others were in substance the following :

It is declared, that said subscribers are desirous of forming a company for the purpose of erecting and managing a hotel in Nashua, and that the subscribers would raise the sum of $12,000 to constitute a capital stock, to be divided into one hundred and twenty shares of $100 each, and the holders of said shares to constitute a company by the name of the Proprietors of the Pearl Street House.

*Decided June Term, 1866.

In pursuance of the object of said articles of association, said Hunt and the other members purchased said premises and erected suitable buildings upon the same for a hotel, and managed the same until about May, 1849, since which time there has been no meeting of the association, but the premises and hotel, without any action by the association, were occupied and managed by L. W. Noyes, the owner of one hundred and eighteen one hundred and twentieth parts, until about 1856, when Noyes sold out all his interest in the premises to the petitionee, and from that time to the time of filing this petition they have been occupied by him in the same manner as by said Noyes, and without his paying to Hunt any rent for the same.

The deeds of the parties and articles of association may be referred to in the argument.

*A. W. Sawyer*, for plaintiff.

I.   The clause in the deed is without any limitation; it is a *perpetual condition;* such a declaration or provision the grantor had no authority to make.   It is an attempt to impose a restraint upon property, which the law will not allow, and therefore the condition is void.   1 Jarman on Wills, (250,) 220.

A provision in a devise of land, that the land shall not be subject or liable to conveyance or attachment is void.   *Bank* v. *Davis,* 21 Pick. 42 ; Co. Lit. 223, a; 18 Ves. 429.

A proviso or condition in a will, "that no portion of the real estate should be sold by the devisees or their descendants, except to each other, upon pain of forfeiture," was held to be *repugnant* to the estate devised and therefore void. *Schermerhorn* v. *Negus,* 1 Denio 448 ; *Hall* v. *Tufts,* 18 Pick. 460.

"If a feoffment be made upon condition, that the feoffee shall not *alien* the land to any, this condition is void, because when a person is enfeoffed of lands or tenements, he hath power to alien them to any person *by the law.*"   Co. Lit. 223, a, sec. 360 ; 4 Kent 126.

Conditions are not sustained, when they are repugnant to the nature of the estate granted, or infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience.    4 Kent 126 ;  27 Miss. 203, (5 Cush.)

A grant made upon condition, that the grantee shall not commit waste, or take the profits, or his wife have dower, or husband, his courtesy, is a void one, for these rights are inseparable from an estate in fee.   4 Kent 126 ; *Mildmay's Case,* 6 Co. Lit. 40, Lit. sec. 360 ; Co. Lit. 206, b, 223, a ; *Stukeley* v. *Butler,* Hob. 168.

A proviso in a deed restraining common recovery is void.   4 Kent 126 ; *Mary Partington's Case,* 10 Co. 42, a.

A decree of lands to the testator's children, in case they continue to inhabit the town of H., otherwise not, was considered to be unreasonable and repugnant to the nature of the estate.   *New Kirk* v. *New Kirk,* 2 Caines 345.

Such restraints were held by Lord Coke to be absurd and repugnant to reason, and to the freedom and liberty of freemen.    4 Kent 126.

A liberty inseparable from the estate cannot be restrained by proviso, hence it is, that an estate tail has five essential incidents, none of which can be taken away by any condition.    1st.   To be dispunishable of waste.    2d.    Dower of wife.    3d.    Courtesy of husband.    4th.    Common recovery.    5th.    Collateral warranty with or without assets.    Bacon Abr., Conditions 411.

Where a devise was upon condition, that the devisee should make no change in the disposition of the estate devised during his life, the condition was held repugnant to the nature of the estate and void.    *Taylor* v. *Mason*, 9 Wheat. 325 and 350.

It is a cardinal rule of construction, that conditions are not sustained, when they are repugnant to the nature of the estate granted, or infringe on the essential enjoyment and independent rights of property, or tend manifestly to public inconvenience.    *Gadbury* v. *Shepard*, 27 Miss. (5 Cush.) 203 ; *Moore* v. *Savil*, 2 Leon. 132 ; Com. Dig. Condition D. 4 Co. Lit. 206, b.

It is essential to an estate in common to be subject to partition. *Mitchell* v. *Starbuck*, 10 Mass. 5 ; *Pattee* v. *Wheeler*, 13 Mass. 504 ; *Wetherspoon* v. *Dunlap*, Harper 390.

Estates in common are meliorated by partition into severalty, and the interests of society require the statutes of partition to be liberally construed.

The condition in this deed is inconsistent with, and repugnant to, the grant, the habendum, and is therefore void.

II.    The plaintiff contends that it was not understood that this condition in the deed was to create a *perpetuity*, but was to run and be in force only while the association continued.    The association having been dissolved, and the shares being merged in the conveyance to defendant, he holding 118-120 parts of the premises, and plaintiff 2-120 parts, there is no occasion to hold the same in common and undivided, and thus prevent plaintiff from receiving any rent, income or profit from his interest, but the association having become extinct, the condition no longer exists, and the premises are now subject to partition.    Indeed, the condition is made subject to the articles of association, those articles contemplating that the hotel be managed by the association ; and hence the necessity of holding the property in common and undivided.    The dissolution of the association, and the hotel being managed by the petitionee, he owning all the property except plaintiff's interest, renders it no longer necessary or desirable that this property remain undivided.

*Bailey* and *Eastman & Cross*, for defendant.

I.    The clause in the deed is valid.    *Goesele* v. *Bimeler*, 14 Howard U. S. 589.

It is not what the law styles "a perpetual condition." It does not prohibit a conveyance of the petitioner's rights.    It restricts him only

to holding the property *in the manner* agreed upon by him and his associates.

1.   The right of partition is a beneficial incident of tenancies in common which the parties in interest may waive by agreement.   *Coleman* v. *Coleman*, 19 Penn. (7 Harris) 100.

2.   This clause is not in restraint of alienation, is not against public policy, and the mere fact that it is not limited in regard to time is immaterial, and similar conditions have repeatedly been holden valid.   *Emerson* v. *Simpson*, 43 N. H. 475 ; *Chapin & Wife* v. *School District*, 35 N. H. 451 ; *Merrifield* v. *Cobleigh*, 4 Cush. 178 ; *Moulton* v. *Robinson*, 27 N. H. 552 ; 4 Kent (8th Ed.) 128, and note b, and cases there cited.

II.   The conditional clause may be considered as in the nature of a covenant, and as such is good beyond question.   *Sargent & al.* v. *Mason*, 3 Cush. 500 ; *Goesele* v. *Bimeler*, 14 Howard U. S. 589.

III.   The object of the original proprietors or shareholders was the erection and maintenance of a hotel, and to accomplish it the condition was inserted in the deed, the association formed, and the by-laws adopted, and is such an object as the law favors, and public policy approves, and the idea that the *"interests of society"* require a partition under such circumstances appears to us absurd.

For this petitioner to be permitted to destroy the whole enterprise by having partition of 1-60 part of it, after having acquiesced in the condition in the deed till long after the whole capital of the association was invested and the project completed, would be an injury and a fraud upon the other shareholders.

A partition of the property defeats the very object of the owners, and destroys the property itself.

IV.   The case does not find that the association is or has been dissolved, but simply that there has been no meeting since May, 1849, for which the petitioner is equally responsible, and which he could have had rectified had he been so disposed.

The property has always been managed and controlled by a majority of the shareholders as a hotel, and if this petitioner has not received his full share of the rents and profits he has a full and adequate remedy by an action for the same.   Comp. Stats. 459, sec. 7 ; *Mooers & al.* v. *Bunker*, 29 N. H. 429.

BARTLETT, J.   The proviso in the deed is not repugnant to the estate granted, for originally at common law, a tenant in common could not be compelled to make partition ; Lit. sec. 318 ; Co. Lit. 187, a ; 2 Blk. Com. 194 ; and the right given by statute, being for the benefit of the party, may be waived by him.   *Coleman* v. *Coleman*, 19 Penn. 100 ; Broome Leg. Max. 547.   It is not in restraint of alienation, for each tenant may convey his share at his pleasure, nor does it prevent a beneficial enjoyment of the profits, for by the articles of association the

rents, after deducting the incidental expenses, are to be divided among the tenants in proportion to their shares; it is merely a partial and temporary restriction as to the mode of occupation. *Gray* v. *Blanchard*, 8 Pick. 289. Similar provisions have frequently been treated as valid; 1 Shep. Touch. 129, 130; *Gray* v. *Blanchard*, 8 Pick. 289; *Gillis* v. *Bailey*, 17 N. H. 18; *Gillis* v. *Bailey*, 21 N. H. 150; *Emerson* v. *Simpson*, 43 N. H. 475; *Chapin* v. *School District*, 35 N. H. 451; *Woods* v. *Cheshire Co.*, 32 N. H. 423; *Savage* v. *Mason*, 3 Cush. 500; *Richardson* v. *Merrill*, 8 Shep. 49; *Fisher* v. *Dewerson*, 3 Met. 546; *Parsons* v. *Miller*, 15 Wend. 564; *Stuyvesant* v. *Mayor*, 11 Paige 414; *Cornelius* v. *Ivins*, 2 Dutch. 376; *Southard* v. *Railroad*, 2 Dutch. 13; *Collins* v. *Marcy*, 25 Conn. 242; *Hooper* v. *Cummings*, 45 Me. 359; *Railroad* v. *Parke*, 6 Wright (Penn.;) and although the provision in some of these cases was by covenant, yet alienation can no more be restrained by covenant than by condition. 2 Cruise (Gr. Ed.) sec. 6, n; Platt on Cov. sec. 569.

Nor is the proviso invalid as creating a perpetuity. The policy of the law has been opposed to perpetuities, because they prevent the free alienation of property. 4 Kent 264; 1 Jarm. 219; 1 Shep. Touch. 130. It has been said that "a grantor when he conveys an estate in fee, cannot annex a condition to his grant absolutely restraining alienation; * * * *; such restriction being imposed on him to prevent perpetuities; but short of that restriction the parties may model it as they please." Platt on Cov. 404; *Mitchinson* v. *Carter*, 8 T. R. 60; Broome Leg. Max. 539. Here the proviso imposes no restraint upon alienation; and does not at any time prevent a beneficial enjoyment of the property and of its profits; it would seem to have no greater tendency to perpetuity than the original rule of the common law as to the partition of such estates, and indeed it creates no greater restrictions than often exist in cases of real estate devoted by grant to the uses of co-partnerships or corporations; and many of the cases cited, to which others might be added, show conditions or covenants limiting the mode of enjoyment of the property conveyed quite as strictly, and creating quite as much if not more difficulty in alienation than the provision in question. The condition being subject to the articles of association is to continue only till the objects of the association are accomplished. *Coleman* v. *Coleman*. Under the articles of association, those objects are "the erecting and managing" of a hotel on a certain lot of land in Nashua, and provision is made that "holders of shares to the amount of two thirds of the whole shall be a quorum to transact business," and that "all questions shall be decided by a majority of votes cast, each stockholder being entitled to one vote for every share he owns;" so that under these articles power is given to dissolve the association at any time; and aside from these specific provisions in the articles adequate powers of dissolution can be found in equity. Story Part. secs. 275–291, and n. In any view, therefore, the proviso does not create an obligation that in law should be deemed perpetual. *Goesele* v. *Bimeler*, 14 How. 608.

We are, therefore, of opinion that the proviso is not invalid as repugnant to the estate granted, or upon grounds of public policy. *Coleman*

v. *Coleman; Goesele* v. *Bimeler*, 1 Co. Lit. 165, a, and see *Brown* v. *Church*, 23 Penn. 495 ; *Conant* v. *Smith*, 1 Aik. 67 ; *Black* v. *Tyler*, 1 Pick. 152.

The words used in the proviso are apt to create a condition, *Gray* v. *Blanchard*, 8 Pick. 289, Com. Dig. condition A. 2, Bac. Abr. condition A. & E., 10 Co. 42, a, and though this might not of itself prevent the clause from being also a covenant, Bac. Abr. condition G., Platt on Cov. 72, 2 Co. 71, b, Shep. Touch. 163, we need not here inquire whether the grantee, not executing such a deed, can be held as a covenantor, or whether the words are sufficient to raise a covenant, nor question the general rule that no one but the grantor and his heirs can take advantage of a condition ; for here the petitionee does not seek to take advantage of a condition as such, which can only be by enforcing forfeiture ; 2 Cruise (Gr. Ed.) 32 ; but the petitioner makes his title and founds his claim to partition solely upon a deed, the condition of which is that he shall not have partition. If the proceeding had been against Stevens, his grantor, Hunt would have been estopped to assert such a claim, for it would have been in conflict with the condition in the deed of Stevens, upon which he holds his estate, *Robinson* v. *Leavitt*, 7 N. H. 76, *Bates* v. *Norcross*, 17 Pick. 22, Co. Lit. 365, b, and inconsistent with the terms of that deed, by virtue of which he makes the claim ; and although the grantee in a deed poll, merely as such, may not be estopped by its acceptance, yet as against his grantor and his privies, where he is making his title under such a deed, and asserting his claim solely by reason of it, he is estopped to enforce such claim, if it is inconsistent with the valid provisions of the deed.    Chit. Con. 6 ; 2 Smith's L. C. (Am. Ed.) 538 ; Co. Lit. 352, a ; Com. Dig. Estoppel A. 3 ; *Jackson* v. *Ireland*, 3 Wend. 99 ; *Wilder* v. *Russell*, Cheshire, August, 1866 ; *Great Falls Co.* v. *Worster*, 15 N. H. 415, 457 ; *Wellusson* v. *Woodford*, 13 Vesey 218 ; *Green* v. *Kemp*, 13 Mass. 519 ; *Flanders* v. *Jones*, 30 N. H. 163 ; *True* v. *Condon*, 44 N. H. 58 ; *Russell* v. *Dudley*, 3 Met. 149 ; *Brown* v. *Snell*, 46 Mc. 446 ; *Bank* v. *Risley*, 4 Den. 480 ; *Bank* v. *Mereserau*, 3 Barb. Ch. 529, 570 ; *Oakley* v. *Perry*, 3 Ohio (N. S.) 347 ; *Gerrish* v. *Proprietors*, 26 Me. 394 ; *Funk* v. *Newcomer*, 10 Md. 316 ; *Coleman* v. *Coleman*, 19 Penn. 112 ; *Roessel* v. *Wickham*, 36 Barb. 386 ; *Smith* v. *Smith*, 14 Gray 532 ; *Smith* v. *Guild*, 34 Me. 443 ; *Thompson* v. *Thompson*, 1 Appl. 239, 240 ; *Flagg* v. *Mann*, 14 Pick. 482 ; and see *Parker* v. *Brown*, 15 N. H. 188 ; *Hamblett* v. *Hamblett*, 6 N. H. 339 ; *Hazelton* v. *Batchelder*, 44 N. H. 43 ; *Pitts* v. *Gilliam*, 1 Head 550 ; and *Wedge* v. *Moore*, 6 Cush. 8.

Stevens also would be estopped to claim partition against Hunt and his privies, for such a claim would obviously be inconsistent with the condition in his deed, and with the title he has thereby conveyed.    2 Smith L. C. 456 ; 4 Kent 261, n ; Com. Dig. Estoppel A. 2 ; *Thompson* v. *Thompson*, 1 Appl. 242 ; and see *French* v. *Bent*, 43 N. H. 449.    Between Wright, holding under a like deed, and his grantor, Stevens, a similar estoppel would exist ; and as both he and Hunt claim under such deeds from the same grantor, executed and accepted in pur-

suance of a common arrangement and in furtherance of a common object, and as parts of one general transaction between these parties and their associates, they and those claiming under them are equally estopped as against each other, when they assert claims under those deeds. Com. Dig. Estoppel B.; Co. Lit. 352, a; *Corbett* v. *Norcross*, 35 N. H. 99; *Hill* v. *Hill*, 4 Barb. 430; *Jones* v. *Johnston*, 18 How. 150; (16 D. 263, 55.)

The case does not find that the association has been dissolved, but simply that no meeting of the association has been held since May, 1849, but neither by the articles of association nor in law does this fact of itself dissolve this association. Words. Joint Stock Com. 392, 393; and see Story Part. secs. 280, 282; 3 Kent 53, 60 and 61.

The petition must therefore be dismissed.