| STATE OF MAINE | SUPERIOR COURT |
|---|---|
| PENOBSCOT, ss | Docket No. RE-17-53 |

FEDERAL NATIONAL MORTGAGE
ASSOCIATION

      Plaintiff,

v.                                   **ORDER**

RESIDENTIAL MORTGAGE CAPITAL,
SUCCESSOR BY MERGER TO FIRST
SECURITY LOAN CORP.

      Defendant.

Federal National Mortgage Association (Federal National) alleges that is the equitable owner of a mortgage held by Residential Mortgage Capital (RMC), a successor by merger to First Security Loan Corp. (First Security), and seeks an order to compel assignment of the mortgage.

## I.    Background

The following facts are alleged in Federal National's complaint. On July 19, 2006, Bret R. McBreairty gave a promissory note for $75,000 to First Security. To secure the note, McBreairty executed a mortgage that identified First Security as the "lender" and Mortgage Electronic Registration Systems, Inc. (MERS), as "nominee" for First Security. The mortgage is recorded in the Penobscot County Registry of Deeds in Book 10548, Page 319. The mortgage was then assigned by MERS to Flagstar Bank and was then eventually assigned to Federal National. On June 9, 2017, Federal National filed a complaint alleging that, as the present holder of the note, it is the equitable owner and any interest in the mortgage held by RMC is held in trust for the benefit of Federal National. According to Federal National, because it is the equitable owner of the mortgage, it has the right to compel an assignment of the mortgage.

This case has been held under advisement by the Superior Court pending the Law Court's opinion in Beal Bank United States v. New Century Mortg. Corp., 2019 ME 150, ___A.3d___. Now that the Law Court has rendered a decision in Beal, the court will rule on the issues presented here.

## II.    Analysis

The Law Court's rulings in Bank of America, N.A. v. Greenleaf, 2014 ME 89, 96 A.3d 700, and Beal Bank control the outcome of this case. According to Greenleaf, a party seeking a foreclosure must present proof of its status as a holder of the note and owner of the mortgage to

1

establish its standing. <u>Bank of America, N.A. v. Greenleaf</u>, 2014 ME 89, 96 A.3d 700. In <u>Greenleaf</u>, the Law Court interpreted a mortgage and a purported assignment of the mortgage by MERS to Bank of America. *Id.* ¶¶ 12-17. The language interpreted by the Law Court in <u>Greenleaf</u> is the same language found in the mortgage at issue in this case.[1] The Law Court held that the assignment only provided MERS with the right to record the mortgage as the lender's nominee. <u>Greenleaf</u>, 2014 ME 89, *Id.* ¶¶ 12-17, 96 A.3d 700. Because MERS had only acquired the right to record the mortgage as the nominee and not ownership of the mortgage, MERS could not assign ownership of the mortgage to Bank of America. *Id.* ¶¶ 12-17; *see also* <u>Beal Bank,</u> 2019 ME 150, ¶ 9, ___A.3d___. The Law Court further rejected Bank of America's argument that, even if the mortgage was not formally assigned, it still became the mortgagee and obtained the right to enforce the note once it took possession of the note. *Id.* ¶¶ 12-17; *see also* <u>Beal Bank,</u> 2019 ME 150, ¶ 10, ___A.3d___.

After <u>Greenleaf</u>, financial institutions in Maine have continued to argue that a holder of a note secured by a mortgage has an equitable pre-foreclosure right to compel an assignment of the mortgage. The Law Court addressed this argument directly in <u>Beal Bank</u> where the Law Court reviewed a Superior Court decision that denied an action to compel assignment of a mortgage

---

[1] The mortgage states as follows:

> (C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD.
>
> (D) "Lender" means FIRST SECURITY LOAN CORP.
>
> . . . .
>
> [Borrowers] mortgage, grant and convey the Property to MERS (solely as nominee for Lender and Lender's successors and assigns), with mortgage covenants, subject to the terms of this Security Instrument, to have and to hold all of the Property to MERS (solely as nominee for Lender and Lender's successors and assigns) and to its successors and assigns, forever. . . . [Borrowers] understand and agree that MERS holds only legal title to the rights granted by [Borrowers] in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:
>
> (A) to exercise any or all of those rights, including, but not limited to, the right to foreclose and sell the Property; and
>
> (B) to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
>
> . . . .
>
> [Borrowers] grant and mortgage to MERS (solely as nominee for Lender and Lender's successors in interests) the Property described [below].

(Pl.'s Compl. Ex. B, at 1-2). This same language was interpreted by the Law Court in <u>Greenleaf</u>. *See* <u>Greenleaf,</u> 2014 ME 89, ¶ 13, 96 A.3d 700.

based on an equitable right. In that case, the owners of a property signed a promissory note and mortgage that identified the defendant as the lender and MERS as the "nominee" for the lender. The note was transferred multiple times and eventually obtained by the plaintiff. The plaintiff filed a complaint alleging that, as the holder of the note, it was the equitable owner of the mortgage. According to the plaintiff, because New Century held any interest it had in the mortgage in trust for the plaintiff's benefit, it had the right to an order compelling New Century to assign "any interest" it held in the mortgage to the plaintiff. The Law Court affirmed the Superior Court and held that although the holder of a note may retain "some equitable interest in the accompanying mortgage, any such interest, standing alone, does not equate to actual ownership of mortgage nor is it sufficient to establish a pre-foreclosure right to compel its assignment." Beal Bank, 2019 ME 150, ¶ 15, ___A.3d___. In its ruling, the Law Court expressly rejected the equitable trust doctrine[2] in the context of foreclosure actions because its application would be "fundamentally at odds" with the court's holding in *Greenleaf*.[3] *Id.* ¶ 14; *see also*, Greenleaf, 2014 ME 89, ¶¶ 10-17, 96 A.3d 700.

According to the Law Court's rulings in Beal Bank and Greenleaf, the court must deny Federal National's request to compel an assignment. The mortgage assignment terms at issue in this case are identical to the terms that the court interpreted in Greenleaf and thus is construed to have the same effect. When MERS assigned the mortgage, it was only able to effectively assign the right to record the mortgage as a nominee. Therefore, when the mortgage was eventually assigned to Federal National, the assignment provided no more than these same nominee rights. Federal National alleges that, nonetheless, as the holder of the note, it is the equitable owner of the mortgage and has the right to compel an assignment of the mortgage. However, the Law Court expressly rejected this proposition in Beal Bank when it rejected the equitable trust doctrine and ruled that although the holder of a note may retain some equitable interest in the accompanying mortgage, "any such interest, standing alone, is insufficient to establish a pre-foreclosure right to compel assignment." Beal Bank, 2019 ME 150, ¶ 15, ___A.3d___. Under Beal Bank, Federal National has no right to compel an assignment of this mortgage.

---

[2] The equitable trust doctrine states that

> one who takes a mortgagee's title holds it in trust for the owner of the debt to secure [the debt for] which the mortgage was given. If a mortgage is given to secure negotiable promissory notes, and the notes are transferred, the mortgagee and all claiming under him will hold the mortgaged property in trust for the holder of the notes.

Beal Bank United States v. New Century Mortg. Corp., 2019 ME 150, ¶ 7, ___A.3d___; *see also* Jordon v. Cheney, 74 Me. 359, 361 (1883).

[3] According to the Law Court, accepting the argument that the equitable trust doctrine effectively establishes ownership of a mortgage in the holder of the accompanying note

> would require us to hold that, once a party becomes the "holder" of a note secured by a mortgage, that status would operate to automatically transfer ownership of the mortgage to that party, a construct that we implicitly rejected in Greenleaf and which would render our bifurcated standing analysis of the holder of the note and the owner of the mortgage entirely superfluous.

Beal Bank, 2019 ME 150, ¶ 14, ___A.3d___.

3

Entry:

> Federal National's request for an order compelling assignment is denied. The clerk shall incorporate this order upon the docket by reference.

10/24/19
Date

Justice William Anderson
Maine Superior Court

ORDER/JUDGMENT ENTERED IN THE
COURT DOCKET ON: 10-25-19

4