STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO. RE-19-36

BANK OF AMERICA, N.A.,        )
                             )
            Plaintiff,        )
                             )
     v.                       )        ORDER ON CROSS MOTIONS FOR
                             )             SUMMARY JUDGMENT
                             )
LETOM MANAGEMENT,            )
LLC,                         )
                             )
            Defendant.        )

This matter is before the court on the parties' cross motions for summary

judgment. After due consideration, the court grants Defendant, Letom Management

LLC's ("Letom"), Motion for Summary Judgment against Plaintiff Bank of America, N.A

("BOA").

## I. Factual Background

The following facts are undisputed. On June 30, 2003, Raymond and Jane

Robichaud ("the Mortgagors") granted a mortgage on real estate located at 53 Ocean

Avenue, Scarborough, Maine ("the Mortgage"), to Coastal Capital Corp. d/b/a/ CCAP

Mortgage Corp. ("Coastal") to secure a promissory note in the amount of $277,000 ("the

Note"). (Pl.'s S.M.F. ¶ 4.) The Mortgage was recorded on July 7, 2003. (Pl.'s S.M.F. ¶ 5.)

Coastal later endorsed the Note to Countrywide Home Loans, Inc., who in turn

endorsed the Note in blank. (Pl.'s S.M.F. ¶¶ 3, 4.) BOA is the current holder of the Note.

(Pl.'s S.M.F. ¶ 1.) In addition to holding the Note, BOA serviced the loan evidenced by

the Note. (Pl.'s S.M.F. ¶ 7.) The Mortgage was assigned from Coastal to Letom on March

REC'D CUMB CLERKS OFC
SEP 27 '21 PM 1:53

10, 2015. (Pl.'s S.M.F. ¶ 6.) The assignment was recorded on May 6, 2015. (Pl.'s S.M.F. ¶ 6.) The Note was paid in full on July 16, 2018.[1] (Pl.'s S.M.F. ¶ 9.)

BOA alleges that Letom's failure to assign the Mortgage to BOA or execute a discharge of the Mortgage constitutes a "breach of trust." In addition, BOA claims that it may incur damages if the Mortgagors bring an action against BOA for its failure to record a discharge. BOA seeks an order appointing BOA's counsel as Receiver to execute an assignment of the Mortgage, or, in the alternative, an order establishing that a discharge of mortgage executed by BOA will extinguish the Mortgage.

## II. Summary Judgment Standard

When parties present cross motions for summary judgment, the rules for consideration of summary judgment are applied separately to each motion. *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646. A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer demonstrates that there is no genuine issue as to any material fact in dispute, and that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. A contested fact is "material" if it could affect the outcome of the case. *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821. A "genuine issue" of material fact exists if a factfinder must "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504).

---

[1] Letom responds to this statement of material fact as follows: "Letom lacks evidence to contradict BOA's assertion that the Promissory Note was paid in full. But Letom is fully aware that BOA has not substantiated that it has paid, or credited to, Coastal or Letom the agreed-upon portion of those payments received from Robichaud as required by the Serving [sic] Agreement." (Def.'s S.M.F. ¶ 9.) This explanation and the record citation provided by Letom are irrelevant to the fact asserted by BOA that the Mortgagors paid the debt in full. Accordingly, the fact is deemed undisputed.

The court considers the record in the light most favorable to the party objecting to the grant of summary judgment. *F.R. Carroll, Inc.*, 2010 ME 115, ¶ 8, 8 A.3d 646; *Blue Star Corp. v. CKF Props., LLC*, 2009 ME 101, ¶ 23, 980 A.2d 1270. "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's statement of fact, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). The evidence offered in support of a genuine issue of material fact "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Est. of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759.

## III. Discussion

BOA argues that because it holds an equitable interest in the Mortgage and the Note has been paid in full, it is entitled to an order assigning the Mortgage to BOA from Letom.[2] In its separate Motion, Letom argues that it is entitled to summary judgment because BOA lacks standing to seek an assignment of the Mortgage. Accordingly, the court must first determine whether BOA has standing to seek assignment of the Mortgage before it can determine whether BOA is entitled to the assignment sought.

### A. Standing

"[S]tanding is a threshold issue bearing on the court's power to adjudicate disputes." *Franklin Prop. Tr. v. Foresite, Inc.*, 438 A.2d 218, 220 (Me. 1981). "Standing to sue means that the party, at the commencement of the litigation, has sufficient personal

---

[2] The Superior Court has equity jurisdiction to grant appropriate equitable relief where there is not a plain, adequate and complete remedy at law. 14 M.R.S. § 6051(13).

stake in the controversy to obtain judicial resolution of that controversy." *Halfway House, Inc. v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996) (citing *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)). "Typically, a party's personal stake in the litigation is evidenced by a particularized injury to the party's property, pecuniary, or personal rights." *Mortg. Elec. Registration Sys. v. Saunders*, 2010 ME 79, ¶ 7, 2 A.3d 289.

To establish standing to seek an order compelling assignment of the mortgage, BOA must show (1) a sufficient interest in the Mortgage and (2) an injury to that interest. BOA argues that, under the equitable trust doctrine, it holds an equitable interest in the Mortgage as the holder of the Note that the Mortgage secures. BOA alleges that Letom has breached the trust by failing to assign the Mortgage to BOA once the Note was paid.[3] In light of the Law Court's decisions in *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 and *Beal Bank USA v. New Century Mortgage Corp.*, 2019 ME 150, 217 A.3d 731, this argument is unavailing.

A party seeking to foreclose must present proof of its status as a holder of the note and owner of the mortgage to establish its standing. *Greenleaf*, 2014 ME 89, ¶¶ 12-17, 96 A.3d 700. The holder of a promissory note does not automatically obtain the right to enforce the note without also owning the mortgage. *Id.* Moreover, the holder of a note secured by a mortgage does not have an equitable pre-foreclosure right to compel assignment of the mortgage. *Beal Bank*, 2019 ME 150, ¶ 9, 217 A.3d 731. The Law Court has held that although the holder of the note may have "some equitable interest in the accompanying mortgage," the mortgage owner does not hold the mortgage in trust for

---

[3] BOA also claims that it may incur an indeterminate amount of damages in the future if the Mortgagors bring suit against BOA for failing to record a discharge of the Mortgage. To clarify, BOA does not ask this court for an award of damages and does not claim to have yet incurred damages. This "speculative possibility of monetary harm," standing alone, is inadequate to establish standing. *Cohen v. Millett*, 400 A.2d 1080, 1081 (Me. 1979) (quoting *Varney v. Look*, 377 A.2d 81, 83 (Me. 1977)).

the benefit of the holder of the note. *Beal Bank*, 2019 ME ¶¶ 14-15, 217 A.3d 731. The Law Court, therefore, rejected the equitable trust doctrine in the context of pre-foreclosure actions, noting that its application would be "fundamentally at odds" with the holding of *Greenleaf*. *Id.* ¶ 14.

BOA argues that the Law Court in *Beal Bank* abrogated the equitable trust doctrine only in the context of "standing requirements under the foreclosure statute . . . where the record holder of legal title to the mortgage was a defunct entity that might or might not have retained the mortgage upon termination of a bankruptcy case." (Pl.'s Supp. Memo ¶ 4.) However, as the Law Court explained in *Beal Bank*,[4] application of the equitable trust doctrine to real estate mortgages is inconsistent with recent decisions, including *Greenleaf* and *Mortgage Electric Registration System v. Saunders*, 2010 ME 79, ¶ 9, 2 A.3d 289. *See U.S. Bank Nat'l Ass'n, Trustee v. Gordon*, 2020 ME 33, ¶ 27, 227 A.3d 577 (Horton, J., concurring) ("In *Beal Bank*, we abrogated what we called 'the dated equitable trust doctrine' as it applies to real estate mortgages.").

Under *Greenleaf* and *Beal Bank*, BOA does not own the Mortgage by virtue of holding the Note, and Letom does not hold the Mortgage in trust for the benefit of BOA. While BOA may hold some equitable interest in the Mortgage, that interest is not sufficient to compel assignment of the Mortgage. *See Beal Bank*, 2019 ME 150, ¶ 15, 217 A.3d 731. Further, BOA is not exposed to a cognizable harm to any equitable interest it may have in the Mortgage because the Note is paid off. Thus, the Mortgage no longer secures any debt owed to BOA. While the Mortgagors may have standing to bring an action to discharge the Mortgage, BOA has not alleged an injury to BOA's interests that

---

[4] "Our holding in *Greenleaf* stands as an implicit rejection of Beal's argument here that the equitable trust doctrine effectively establishes ownership of a mortgage in the holder of its accompanying note. . . . In Maine, its application would be fundamentally at odds with our holding in *Greenleaf*." *Beal Bank*, 2019 ME 150, ¶ 14, 217 A.3d 731.

this court could remedy. Therefore, BOA has not established that it has standing to pursue this claim.

## IV. Conclusion

For the foregoing reasons, BOA has not established standing to pursue this claim. Accordingly, Letom is entitled to summary judgment.

The entry is:

Plaintiff's Motion for Summary Judgment is DENIED.

Defendant's Motion for Summary Judgment is GRANTED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _9/27/2021_

MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 09/27/2021

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: PORSC RE 19-36

BANK OF AMERICA, N.A., )
)
Plaintiff, )
)
v. )
)
LETOM MANAGEMENT, LLC., )
)
Defendant. )

ORDER

Before the Court are Plaintiff and Defendant's cross Motions for Summary Judgment.

The Plaintiff's Complaint invokes this Court's equity jurisdiction under 14 M.R.S. § 6051(13) and asks that it be assigned the mortgage for which it holds the promissory note. However, the parties disagree as to whether the Plaintiff has an equitable interest in the mortgage. *See Beal Bank USA v. New Century Mortg. Corp.*, 2019 ME 150, ¶ 15, 217 A.3d 731 (holding that "the holder of the [promissory] note may retain some equitable interest in the accompanying mortgage"). The Court finds that based on the record before it, there is insufficient information to determine what, if any, equitable interest the Plaintiff has in the subject mortgage. Therefore, the Court Orders that the parties shall fully brief this issue for the Court.

The entry is:

Plaintiff and Defendant are Ordered to submit briefs outlining what, if any, equitable interest the Plaintiff has in the subject mortgage. Both Plaintiff and Defendants' briefs shall be due on or before January 5, 2020

| For Plaintiff: David Jones, Esq. | For Defendant: Michael Bosse, Esq. and Conor Shankman, Esq. |

REC'D CUMB CLERKS OF
DEC 10 '20 PM4:07

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: December 10, 2020

MaryGay Kennedy
Justice, Maine Superior Court