STATE OF MAINE ·                                    SUPERIOR COURT
CUMBERLAND, ss                                        CIVIL ACTION
                                                DOCKET NO. RE-16-257

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff

v.                                                      ORDER


FIRST MAGNUS FINANCIAL CORP.,
et al.,                                        REC'D CUMB CLERKS OF
                                                JAN 26 '22 AM8:18

        Defendants

The court has reviewed the memoranda filed by plaintiff FNMA and by defendant Alice Cassidy in response to its September 7, 2021 order and rules as follows:

1. Plaintiff FNMA's complaint is dismissed with prejudice based on the decision of the Law Court in *Beal Bank USA v. New Century Mortgage Corp.,* 2019 ME 150, 217 A.3d 731. Cassidy argues that the court should also declare that FNMA has no interest in the property, but this goes beyond the *Beal Bank* decision, which states that the holder of the note "may retain some equitable interest in the accompanying mortgage" even though that does not equate to actual ownership of the mortgage or a right to compel the assignment of the mortgage. 2019 ME 150 ¶ 15 (emphasis in original).

2. Cassidy argues that she should then be entitled to pursue her claim for attorney's fees under 14 M.R.S. § 6101. In pertinent part, section 6101 provides:

> For the foreclosure of a mortgage by any method authorized by this chapter [chapter 713 of Title 14 M.R.S.], if the mortgagee prevails, the mortgagee or a person claiming under the mortgage may charge a reasonable attorney's fee . . . . If the mortgagee does not prevail, or upon evidence that the action was not brought in good faith, the court may order the mortgagee to pay the mortgagor's reasonable court costs and attorney's fees incurred in

defending against the foreclosure or any proceeding within the foreclosure action . . . .

FNMA's action did not, as Cassidy essentially acknowledges, expressly seek foreclosure of a mortgage by any method authorized by chapter 713 of Title 14. Cassidy's Response to September 21, 2021 Order, filed September 24, 2021, at 6. Rather the action was brought to position FNMA to be able to bring a foreclosure action by seeking a declaratory judgment that it was the owner of the note and had standing to foreclose. This is evident from the "Wherefore" clause in FNMA's original complaint. In its amended complaint FNMA added a request for relief compelling an assignment of the mortgage from First Magnus.

The court is mindful of the Law Court's ruling in *Goodwin v. School Administrative District No. 35*, 1998 ME 263 ¶ 13, 721 A.2d 642, that Maine courts have no authority to award fees in the absence of express statutory authorization or agreement by the parties. In this case there is an express statutory authorization. The court agrees with Cassidy that FNMA cannot evade the attorney's fee provision in section 6101 by bringing a preliminary declaratory judgment action seeking to establish standing to foreclose and waiting to seek foreclosure if its claim to standing is upheld.

FNMA did not prevail in this action, and accordingly Cassidy may file an application for attorney's fees and costs on her counterclaim within 30 days of the date of this order. FNMA shall have 21 days from service of Cassidy's application in which to respond.

The entry shall be:

1. The amended complaint is dismissed with prejudice.

2. Defendant Alice Cassidy shall file an application for attorney's fees within 30 days.

2

3. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January  25 , 2022

Thomas D. Warren
Justice, Superior Court

Entered on the Docket: 01/26/22

Plaintiff–Trevin Schmidt, Esq.
Defendant Cassidy–John Campbell, Esq.
Defendant MERS–Paul Weinstein, Esq.

1/26/22 The court has been made aware that there were other pending motions in this case. With the exception of Cassidy's application for attorneys fees, all those other motions are moot  TW

3